ARC INDUSTRIES, INC., Appellant,

v.

SIEGEL–ROBERT, INC., Respondent.

No. ED 84339.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 22, 2005.

Eleanor A. Maynard, St. Louis, MO, for Appellant.

Gerald P. Greiman, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

ARC Industries, Inc. (ARC) appeals from the trial court's entry of partial summary judgment on two counts of its seven-count petition against Siegel–Robert, Inc. (SRI). Because we lack appellate jurisdiction, the appeal is dismissed.

ARC became involved in a contract dispute with SRI over the production of molds for plastic containers. ARC filed a seven-count petition against SRI. Counts I, II, and III were for breach of contract, quantum meruit, and suit on account for "Outstanding AR"[1]. Counts IV and V were for breach of contract and quantum meruit for the "N–SYNC" molds used to make plastic containers. Counts VI and VII were for breach of contract and quantum meruit for the "Two–Cavity" molds. SRI filed an answer and a fourteen-count counterclaim. Counts I through V of SRI's counterclaim petition were for breach of express warranties, breach of implied warranties, breach of contract for nonconforming goods, breach of contract for failure to deliver, and unjust enrichment relating to the "N–SYNC" production molds.

SRI filed a motion for partial summary judgment as to Counts IV and V of ARC's petition relating to the "N–SYNC" production molds. Regarding Count IV for breach of contract, ARC alleged SRI owed contract money for the "N–SYNC" molds. In its summary judgment motion, SRI argued it was entitled to summary judgment because ARC never delivered the "N–SYNC" molds to SRI, even upon request. Regarding Count V for quantum meruit, ARC asserted that SRI pay for the reasonable value of services and goods provided by ARC relating to the "N–SYNC" molds. In its summary judgment motion, SRI maintained it was entitled to summary judgment because ARC could not maintain a claim for quantum meruit when it never provided SRI with the molds, and therefore, never conferred a benefit on SRI. The trial court granted SRI's motion and entered partial summary judgment in its favor as to Counts IV and V of ARC's petition. The trial court certified the judgment as final stating "there was no

---

1. In its petition, ARC refers to all outstanding monies due ARC for completed work as "Outstanding AR."

just reason for delay" pursuant to Rule 74.01(b). This appeal follows.

On this court's own motion, the issue of jurisdiction over this appeal was raised to the parties and the issue was taken with the case. The issue arises from whether the partial summary judgment entered on ARC's Counts IV and V relating to the "N–SYNC" molds is a final judgment despite the Rule 74.01(b) certification by the trial court when SRI's counterclaim counts relating to the "N–SYNC" molds remain pending in the trial court. We now address this issue of jurisdiction. Even though the trial court certified the case for appeal under Rule 74.01(b), we have a duty to determine whether the certification is proper. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). A prerequisite to appellate review is that there be a final judgment. *Id.* If the judgment appealed from is not a final judgment, we lack jurisdiction and the appeal must be dismissed. *Id.*

A final, appealable judgment disposes of all issues and all parties in the case leaving nothing for future determination. *Hylton v. Standley*, 112 S.W.3d 482, 484 (Mo.App. S.D.2003). Rule 74.01(b), however, permits the trial court to enter judgment on a single claim and to certify its judgment as appealable when multiple claims are asserted in a single case upon an express determination that there is no just reason for delay. *Id.* at 484–85. Although a trial court is given wide latitude in determining whether a partial summary judgment should be certified under Rule 74.01(b), where the circumstances of the case and the judgment entered are wholly inconsistent with a finding of "no just reason for delay," a finding to that effect by a trial court is an abuse of discretion. *Saganis–Noonan v. Koenig*, 857 S.W.2d 499, 501 (Mo.App. E.D.1993) (*citing Committee for Educational Equality v. State*, 878 S.W.2d 446, 452–53 (Mo. banc 1994)).

In deciding whether the certification of a partial judgment was proper and whether there was no just reason for delay, courts apply a four-factor test: (1) whether the action remains pending in the trial court as to all parties; (2) whether similar relief can be awarded in each separate count; (3) whether determination of the claims pending in the trial court would moot the claim being appealed; and (4) whether the factual underpinnings of all the claims are intertwined. *Saganis–Noonan*, 857 S.W.2d at 501; *Lynch v. Lynch*, 966 S.W.2d 345, 347 (Mo.App. E.D.1998).

We find the trial court abused its discretion in certifying the partial summary judgment for appeal under Rule 74.01(b). The action here remains pending in the trial court as to all parties, ARC and SRI. More importantly, the factual underpinnings of all the claims are intertwined. SRI's counterclaim counts relating to the "N–SYNC" molds are so factually intertwined with ARC's breach of contract and quantum meruit claims relating to the "N–SYNC" molds that the trial court's decision on summary judgment cannot be final without disposing of the counterclaim counts. The contract that is the basis for ARC's claims for breach of contract and quantum meruit relating to the "N–SYNC" molds is the same set of facts that is the basis for SRI's counterclaims regarding the "N–SYNC" molds for breach of express warranties, breach of implied warranties, breach of contract for nonconforming goods, breach of contract for failure to deliver, and unjust enrichment. Furthermore, the grounds stated in SRI's motion for summary judgment that ARC failed to timely provide SRI the "N–SYNC" molds is the basis for several of SRI counterclaims. Thus, SRI's pending counterclaim counts clearly arise out of the same set of facts, and the same transactions and occurrences as the counts appealed and the factual underpinnings are inextricably in-

tertwined. Thus, certification under Rule 74.01(b) was not proper and the trial court abused its discretion in certifying the partial summary judgment as an appealable judgment.

Both ARC and SRI assert that there is a final judgment and the trial court's certification was proper. In its response to the show cause order, ARC maintained that the decision to certify a partial judgment pursuant to Rule 74.01(b) is in the broad discretion of the trial court relying on *Boatmen's Trust Company v. Sugden,* 827 S.W.2d 249, 252 (Mo.App. E.D.1992). The *Boatmen's Trust Company* court, in a very brief analysis, relied on *International Minerals & Chemical Corp. v. Avon Products, Inc.,* 817 S.W.2d 903, 906 (Mo. banc 1991), which stated "the trial judge is best equipped to form an informed conclusion as to the most efficient and economical course for the litigation to take." The *International Minerals & Chemical Corp.* decision, however, was called into question by *Committee for Educational Equality,* 878 S.W.2d at 452–53. In *Committee for Educational Equality,* the Missouri Supreme Court held that to the extent that *International Minerals & Chemical Corp.* might be read to remove the requirement that the judgment dispose of one claim as to one party, it should not be followed. *Id.* at 453. *Id.* Under the circumstances, we find ARC's reliance on *Boatmen's Trust Company* misplaced.

Accordingly, the judgment appealed from is not a final, appealable judgment and we lack jurisdiction to entertain the merits of ARC's appeal. Based on the foregoing, the appeal is dismissed.

PATRICIA L. COHEN, P.J. and GEORGE W. DRAPER, III, C.J., concur.