COLUMBIA MUTUAL INSURANCE
COMPANY, Plaintiff/Appellant,

v.

Gary EPSTEIN, d/b/a M & E Concrete
Forms Company and Jeff Doerr and
Connie Doerr, Defendants/Respon-
dents.

No. ED 86854.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 1, 2006.

**548**

Sanford Goffstein, Lori R. Koch, St. Louis, MO, for appellant.

David C. Knieriem, Clayton, MO, Kurt A. Voss, Kevin A. Richardson, Washington, MO, for respondents.

LAWRENCE E. MOONEY, Judge.

The plaintiff, Columbia Mutual Insurance Company, appeals from summary judgment entered against Columbia and in favor of the defendants, Gary Epstein and Jeff and Connie Doerr, by the Circuit Court of Franklin County. Columbia filed a petition for declaratory judgment against Epstein and the Doerrs, claiming it had no duty to defend or indemnify Epstein based on the allegations in the Doerrs' underlying lawsuit against him. Epstein filed a counterclaim against Columbia, which was not resolved by the summary judgment and remains pending. The trial court designated its summary-judgment decision a final judgment for purposes of appeal, pursuant to Missouri Supreme Court Rule 74.01(b). However, such designation was improper because the trial court failed to dispose of "one claim" or a "distinct judicial unit" when it left Epstein's counterclaim unresolved. Therefore, we dismiss Columbia's appeal for lack of jurisdiction.

### Facts

Columbia issued a commercial general liability policy of insurance to Gary Epstein d/b/a M & E Concrete Forms Co. Jeff and Connie Doerr filed a lawsuit against Epstein in connection with a concrete foundation Epstein poured for the Doerrs' new home. The Doerrs' second amended petition alleged breach of oral contract, breach of warranty, and product

liability.[1] Columbia initially provided Epstein with a defense to the Doerrs' lawsuit but later withdrew. Columbia then filed a petition for declaratory judgment against Epstein and the Doerrs, claiming that the insurance policy issued to Epstein provided no coverage and seeking a judgment declaring that Columbia had no duty to defend or indemnify Epstein based on the allegations in the Doerrs' petition. Epstein filed a counterclaim seeking damages against Columbia for vexatious refusal to pay and bad faith.

All parties filed motions for summary judgment. The trial court denied Columbia's motion, granted the Doerrs' motion, and granted Epstein's motion for partial summary judgment, holding that the insurance policy Columbia issued to Epstein affords coverage and obligates Columbia to defend and indemnify Epstein as to the Doerrs' lawsuit. Epstein's counterclaim against Columbia remains pending. The trial court granted Columbia's motion for determination of no just reason for delay and designated its summary-judgment decision a final judgment for purposes of appeal, pursuant to Missouri Supreme Court Rule 74.01(b). Columbia now appeals the grant of summary judgment, which held that Columbia has a duty to defend and indemnify Epstein.

## Discussion

In its first point on appeal, Columbia claims the trial court erred in finding that Columbia had a duty to defend and indemnify Epstein because the insurance policy affords no coverage for the claims alleged in the Doerrs' petition. Columbia argues the petition alleges no "occurrence" that would bring the suit within the parameters of the insuring agreement of the Columbia

policy. In its second point, Columbia claims that even if the petition alleged an "occurrence" within the policy's parameters, the policy's business-risk exclusions apply to deny coverage for the Doerrs' claims. Epstein filed a motion to dismiss the appeal, which we have taken with the case. Epstein alleges this Court lacks jurisdiction because the trial court erred in certifying its judgment as final pursuant to Rule 74.01(b). The threshold question we must decide is whether the trial court properly certified its decision for appeal pursuant to Rule 74.01(b), thus providing this Court with jurisdiction.

 This Court must always determine whether we have jurisdiction of an appeal. *Committee For Educational Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994). A final judgment is a prerequisite for appellate review, and if the judgment appealed is not final, we lack jurisdiction and must dismiss the appeal. Section 512.020 RSMo. (Supp.2005); *ARC Industries, Inc. v. Siegel–Robert, Inc.*, 157 S.W.3d 344, 346 (Mo.App. E.D.2005). A final, appealable judgment disposes of all issues and all parties in the case, leaving nothing for future determination. *ARC Industries*, 157 S.W.3d at 346. Generally, when considering finality of judgment, if a counterclaim is pleaded, the trial court must make a finding that disposes of the counterclaim. *Lumbermens Mut. Cas. v. Thornton*, 36 S.W.3d 398, 402 (Mo.App. W.D.2000). Rule 74.01(b), however, permits the trial court to enter judgment on a single claim in a case with multiple claims and to certify its judgment as appealable upon an express determination that no just reason for delay exists. *ARC Industries*, 157 S.W.3d at 346. Rule 74.01(b) provides in pertinent part:

---

1. After Columbia filed this appeal, the trial court entered judgment against Epstein in the underlying Doerr vs. Epstein suit as to the product liability count. The Doerrs' breach of oral contract and breach of warranty counts were dismissed with prejudice.

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

In this case, the trial court granted Columbia's motion for determination of no just reason for delay, and the court designated its judgment as a final judgment for purposes of appeal pursuant to Rule 74.01(b). Nonetheless, we must determine whether the designation was proper. *ARC Industries,* 157 S.W.3d at 346. The trial-court's order included no explanation as to the reason for the court's determination. When a court does not explain its decision, an appellate court should be skeptical. *Horn v. Transcon Lines, Inc.,* 898 F.2d 589, 592 (7th Cir.1990).

■■■ For certification pursuant to Rule 74.01(b), the trial-court's decision must dispose of one claim. Rule 74.01(b); *Comm. for Educ. Equal.,* 878 S.W.2d at 450. Declaratory judgment provides but one of several remedies; it is not a substantive claim. *Comm. for Educ. Equal.,* 878 S.W.2d at 452. A judgment that resolves fewer than all the legal issues as to any single claim is not final despite the trial-judge's designation under Rule 74.01(b). *Id.* at 450. Similarly, a judgment that fails to dispose of all remedies asserted as to the same legal rights, leaving some legal rights open for future adjudication, is not a final judgment under Rule 74.01(b). *Id.*

■■■ The meaning of "one claim for relief" is derived from federal cases construing Federal Rule of Civil Procedure 54(b)[2], which Missouri's Rule 74.01(b) parallels.[3] *Id.* at 451. "One claim" means one legal right, regardless of whether multiple remedies are sought. *Id.* Further, "one claim" means the aggregate of operative facts which give rise to a legally enforceable right. *Id.* In other words, claims are separate if they require proof of different facts and application of distinguishable law, subject to the limitation that severing claims does not run afoul of the doctrine forbidding splitting a cause of action. *Id.* The test for determining whether or not a cause of action is single and cannot be split is: 1) whether the actions brought arise out of the same act, contract, or transaction; or 2) whether the parties, subject matter, and evidence necessary to sustain

2. Federal Rule of Civil Procedure 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

3. Rule 74.01(b) was adopted almost verbatim from Federal Rule 54(b). *Comm. for Educ. Equal.,* 878 S.W.2d at 451. Federal cases developed the meaning of the phrase "one claim for relief" prior to adoption of Missouri's rule, and while not binding authority, the federal cases are highly persuasive. *Id.* Where the federal courts have construed a federal rule and Missouri adopts a virtually identical rule, "there is no principled way to ignore the federal cases." *Id.*

the claim are the same in both actions. *Thornton,* 36 S.W.3d at 402.

■ The Missouri Supreme Court has offered additional guidance by stating that "a judgment is final only when it disposes of a 'distinct judicial unit.'" *Id., citing Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997). The term "distinct judicial unit" means "the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim." *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997), *quoting State ex rel. State Hwy. Comm'n. v. Smith,* 303 S.W.2d 120, 123 (Mo.1957). "It is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim." *Id.*

The purpose of Federal Rule 54(b) is to avoid review of multiple appeals that share underlying facts and legal issues. *Comm. for Educ. Equal.,* 878 S.W.2d at 451. Federal Rule 54(b) was designed to spare appellate courts from repeated review of the facts of a case on successive appeals. *Jack Walters & Sons Corp. v. Morton Bldg., Inc.,* 737 F.2d 698, 702 (7th Cir.1984). Missouri's Rule 74.01(b) serves the same purpose. *Comm. for Educ. Equal.,* 878 S.W.2d at 451.

■ We hold that the trial-court's grant of summary judgment to the Doerrs and partial summary judgment to Epstein did not dispose of one claim, or a distinct judicial unit. While the trial court determined Columbia's duties, and hence Epstein's rights, as to defense and indemnification, the trial court left unresolved Epstein's right to damages in that it left Epstein's counterclaim for vexatious refusal to pay and bad faith open for future adjudication. Furthermore, claims are separate only if they require proof of different facts and application of distinguishable law. *Id.* Both issues in this case arise out of the same contract—the Columbia insurance policy issued to Epstein. The trial court determined that Columbia has a duty to defend and indemnify Epstein, and Columbia has appealed that determination, denying that the insurance policy affords coverage for the claims alleged in the Doerrs' petition. Through his counterclaim, Epstein alleges that Columbia's position as to coverage is unreasonable and, thus, its refusal to pay is vexatious and in bad faith. These two aspects of the case do not represent two distinct, different, or separate transactions nor does their resolution involve proof of different facts and distinguishable law. Columbia's determination of coverage is not distinct, different, or separate from the reasonableness of its determination. Both actions require proof of facts as to the nature of the coverage afforded by the insurance policy issued to Epstein, and both actions rely on interpretation of the policy language as to such coverage. Thus, Columbia's request for declaratory judgment as to its duty to defend and indemnify is inextricably intertwined with Epstein's still-pending counterclaim for vexatious refusal to pay and bad faith.

In order to determine the merits of Columbia's appeal, we must determine whether the general commercial liability insurance policy issued to Epstein contemplates coverage for the allegations asserted by the Doerrs and, if coverage is generally afforded, whether any policy exclusions apply. If we were to affirm the trial court's judgment finding a duty to defend and indemnify, then Epstein could proceed with his counterclaim for vexatious refusal and bad faith. To establish vexatious refusal to pay, a claim-

ant must prove that the insurer's refusal to pay was willful and without reasonable cause or excuse. *Watters v. Travel Guard Int'l,* 136 S.W.3d 100, 108 (Mo. App. E.D.2004). No matter which party then prevailed on the refusal-to-pay issue, this Court could face a second appeal concerning that determination. We might then be compelled to reexamine the bases for Columbia's denial of litigation defense and insurance coverage in order to examine the reasonableness of that denial. On the other hand, if were to reverse the trial court's judgment finding a duty to defend and indemnify, it would obviously preclude Epstein's counterclaim. It could be argued that such a ruling might advance the judicial economy of the trial court, but it would do so at the expense of the judicial economy of the appellate court and without due regard to the purpose of Rule 74.01(b), which is to spare appellate courts the burden of successive appeals. *Comm. for Educ. Equal.,* 878 S.W.2d at 451. Further, a decision as to an appellate court's jurisdiction of "one claim" or "a distinct judicial unit" cannot be grounded on a calculus as to the merits of an individual appeal and the efficiency of rendering an appellate opinion in an individual case. Rather, the decision as to the appellate court's jurisdiction of "one claim" or "a distinct judicial unit" should be predicated on an analysis of the procedural posture of the case, with due regard to the *risk* of burdensome successive appeals flowing from the procedural posture of the case.

The Seventh Circuit addressed a similar situation in *Horn v. Transcon Lines, Inc.* In the multi-party *Horn* case, the defendant truck driver's estate joined the driver's insurer. *Horn,* 898 F.2d at 591. The estate sought defense and indemnification for a passenger's personal-injury suit and coverage for loss of the driver's truck and cargo suffered while the driver engaged in a "trip lease," a one-time cargo-transport arrangement for a company other than the company for which the truck driver usually drove. *Id.* at 590–91. The insurer denied coverage on the basis that the driver's insurance did not cover trip leases. *Id.* at 591. The estate filed a counterclaim against the insurer for bad-faith refusal to settle. *Id.* at 593. The trial court granted summary judgment for the driver's estate against the insurer "with regard to liability and cargo coverage" and directed entry of judgment to allow an appeal of its decision. *Id.* at 591. The trial court decided three issues regarding the insurer while leaving five issues affecting the insurer to be determined, including the estate's claim for bad-faith refusal to settle. *Id.* at 593.

Columbia seeks to distinguish the *Horn* case by arguing that it was the trial-court's failure to include all essential elements in its judgment that led the Court to dismiss the appeal. Indeed, the Court did note a major flaw in the judgment as well as "a congeries of considerations" warranting dismissal of the appeal. *Id.* at 591, 595. Nonetheless, the Seventh Circuit held that the trial court abused its discretion in directing entry of judgment to allow appeal, in part because of the pendency of the estate's bad-faith claim, and the Court dismissed the appeal for lack of jurisdiction. *Id.* at 595. The Court stated:

> The bad-faith claim is but one theory supporting the estate's recovery from [the insurer], and it bids well to generate additional appeals.... If we were to hold today that the policy does cover the [other company's] trip lease, [the insurer] could appeal tomorrow on the ground that it does not so *clearly* cover

the trip lease that the denial of coverage was in bad faith.

*Id.* at 593. The instant case presents a similar difficulty. If we were to hold that the Columbia insurance policy affords coverage to Epstein for the Doerrs' claims against him, then should Epstein prevail on his counterclaim, Columbia could appeal again on the ground that the policy does not so clearly afford coverage that Columbia's refusal to pay was unreasonable.

Not only do the issues of Columbia's duty to defend, duty to indemnify, and vexatious refusal to pay and bad faith arise from the same contract, but other factors are present in this case to indicate the cause of action is single and cannot be split. Here, all issues involve the same principal parties,[4] the same subject matter, and the same evidence. *Thornton,* 36 S.W.3d at 402. The principal parties in Columbia's action for declaratory judgment, Columbia and Epstein, are the selfsame parties in Epstein's counterclaim. Also, the subject matter—insurance coverage under the Columbia policy—is the same. The evidence necessary to resolve the duty to defend, duty to indemnify, and refusal-to-pay issues substantially overlaps in that the trial court must determine whether the policy affords coverage and, if so, whether it so clearly affords coverage that Columbia's refusal to defend and indemnify was unreasonable.

*Conclusion*

The trial-court's judgment resolved Epstein's rights as to a defense and indemnification, but left unresolved his right to damages for Columbia's alleged vexatious refusal to pay and bad faith. Columbia's declaratory-judgment action and Epstein's counterclaim are inextricably intertwined in that they arise from the same contract, involve the same parties, and share the same factual underpinnings. The subject matter involved is the same and the evidence necessary to resolution of each issue substantially overlaps. Consequently, we hold that the trial-court's determination of Columbia's duty to defend and indemnify did not dispose of "one claim" or of a "distinct judicial unit" because Epstein's counterclaim for vexatious refusal to pay and bad faith remains pending. Because the trial court did not dispose of one claim, certification pursuant to Rule 74.01(b) was not proper, and this Court lacks jurisdiction to consider Columbia's appeal.[5]

4. The principal parties are the parties to the insurance contract, Columbia and Epstein; however the Doerrs were also named defendants in Columbia's declaratory-judgment action.

5. Even if we were to assume that one claim was resolved, we would still find that the Rule 74.01(b) determination was improper in this case. The trial court has discretion to declare its judgment final upon a finding of "no just reason for delay" pursuant to Rule 74.01(b), assuming at least one claim is fully resolved. *Comm. for Educ. Equal.,* 878 S.W.2d at 453. However, where the circumstances of the case and judgment are wholly inconsistent with a finding of no just reason for delay, such a finding is an abuse of discretion. *Id.* Missouri Courts apply a four-factor test in deciding whether Rule 74.01(b) certification is proper and whether there is, in fact, no just reason for delay. *ARC Industries,* 157 S.W.3d at 346. The four factors are: 1) whether the action remains pending in the trial court as to all parties; 2) whether similar relief can be awarded in each separate count; 3) whether determination of the claims pending in the trial court would moot the claim being appealed; and 4) whether the factual underpinnings of all the claims are intertwined. *Id.* As discussed above, the action remains pending in the trial court as to the principal parties and the factual underpinnings of the claims are inextricably intertwined, thus rendering the trial court's Rule 74.01(b) determination an abuse of discretion and improper in any event.

Therefore, we dismiss Columbia's appeal.[6]

KATHIANNE KNAUP CRANE, P.J., and BOOKER T. SHAW, J., concur.

6. Epstein's motion to dismiss the appeal is granted.