**Bonnie K. BANNISTER, Plaintiff/Appellant,**

v.

**PULASKI FINANCIAL CORP., et al., Defendants/Respondents.**

**No. ED 90492.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 17, 2008.

Donald R. Carmody, Teresa D. Pupillo, Julie L. Waters, St. Louis, MO, for appellant.

Wendi Alper–Pressman, Angela N. Loehr, Jennifer A. Oberschmidt, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Presiding Judge.

The plaintiff, Bonnie Bannister, appeals the judgment of the Circuit Court of St. Louis County dismissing S & P Properties, Inc., the buyer of the plaintiff's former home, from her action against Pulaski Financial Corporation and Pulaski Service Corporation for wrongful foreclosure,

breach of contract, and negligent misrepresentation. Upon dismissing S & P Properties, the trial court designated its decision a final judgment for purposes of appeal, pursuant to Missouri Supreme Court Rule 74.01(b). However, such designation was improper because the trial court failed to dispose of one claim, or a distinct judicial unit, when it dismissed the buyer from the plaintiff's claim. Therefore, we dismiss the plaintiff's appeal for lack of jurisdiction.

## Facts

The defendants, Pulaski Financial Corporation and Pulaski Service Corporation (collectively "the bank"), foreclosed on a deed of trust held on the home of the plaintiff.[1] The defendant S & P Properties, Inc. ("the buyer") purchased that property at a foreclosure sale. Four days later, the plaintiff filed suit against the bank and the buyer and filed a notice of *lis pendens*. The plaintiff alleged negligent misrepresentation, breach of contract, and wrongful foreclosure and on all counts sought damages and "a declaration that the foreclosure sale is null and void." The petition stated that the buyer "is made a party hereto in that it may claim some interest in the [p]roperty." In its answer, the buyer asserted as an affirmative defense that it was an innocent third-party purchaser, unaware of any alleged irregularities or deficiencies in the sale. The buyer also asserted as an affirmative defense that the bank had an absolute right to foreclose on the property because the plaintiff defaulted on the note secured by the deed of trust and failed to cure the default.

The bank filed a counterclaim against the plaintiff and a cross-claim against the buyer, interpleading the excess sale proceeds. The buyer in its answer to the bank's cross-claim averred that the "plaintiff filed a frivolous suit naming [the buyer] as a defendant and filed a *lis pendens.*" The buyer sought recovery from the interpleaded funds for actual damages as a result of the *lis pendens,* as well as indemnification for its costs and attorney's fees.

The buyer then moved for judgment on the pleadings, alleging that it bought the property at the foreclosure sale without notice of any defects in the foreclosure proceedings or a purported forbearance agreement between the bank and the plaintiff. The trial court granted the buyer's motion, finding that it was an innocent purchaser of the foreclosed property and dismissing the buyer from the plaintiff's lawsuit. Pursuant to Missouri Supreme Court Rule 74.01(b), the trial court certified its decision regarding the buyer for appeal, finding no just reason for delay in determining that the plaintiff has no right to set aside the foreclosure sale or to claim damages from the buyer. The plaintiff timely appealed.

## Discussion

■ On appeal, the plaintiff challenges the trial court's dismissal of the buyer from the plaintiff's claim by granting the buyer's motion for judgment on the pleadings. The plaintiff also claims that the trial court erred in designating its decision as a final judgment for purposes of appeal, pursuant to Rule 74.01(b).

---

1. The plaintiff also filed a petition for a writ of prohibition, requesting that the trial court be restrained from ordering the release of the *lis pendens* on the plaintiff's former home following S & P's dismissal from the plaintiff's claim. *State ex rel. Bannister v. Goldman,* No. ED90593, 2008 WL 2097381, —— S.W.3d —— (Mo.App. E.D. May 20, 2008). Throughout this opinion, we borrow freely and without further citation from our recent opinion in this writ proceeding.

On every appeal, this Court must determine whether we have jurisdiction. *Committee for Educ. Equal. v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994); *Columbia Mut. Ins. Co. v. Epstein*, 200 S.W.3d 547, 549 (Mo.App. E.D.2006). Appellate review requires a final judgment, and where the judgment appealed from is not final, we lack jurisdiction and must dismiss the appeal. Section 512.020 RSMo. (Supp. 2007); *Columbia*, 200 S.W.3d at 549. A final, appealable judgment disposes of all issues and all parties in the litigation, leaving nothing for future determination. *Id.* However, a trial court may enter judgment on a single claim in a case with multiple claims and certify its judgment as final and appealable upon an express determination that no just reason for delay exists. Rule 74.01(b); *Committee for Educ. Equal.*, 878 S.W.2d at 450; *Columbia*, 200 S.W.3d at 549. Rule 74.01(b) provides in pertinent part:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.

In this case, the trial court granted the buyer's motion for judgment on the pleadings, dismissing the buyer "from [the] plaintiff's claim." The court designated its judgment as a final judgment for purposes of appeal pursuant to Rule 74.01(b). We must determine whether the designation was proper. *Columbia*, 200 S.W.3d at 550; *ARC Industries, Inc. v. Siegel–Robert, Inc.*, 157 S.W.3d 344, 346 (Mo.App. E.D. 2005).

For certification pursuant to Rule 74.01(b), the trial court's decision must dispose of a minimum of one claim.

Rule 74.01(b); *Committee for Educ. Equal.*, 878 S.W.2d at 450; *Columbia*, 200 S.W.3d at 550. A judgment that resolves fewer than all legal issues as to any single claim is not final despite the trial court's designation under Rule 74.01(b). *Id.* Similarly, a judgment that fails to dispose of all remedies asserted as to the same legal rights, leaving some remedies open for future adjudication, does not constitute a final judgment under Rule 74.01(b). *Committee for Educ. Equal.*, 878 S.W.2d at 450.

The "one claim" required for Rule 74.01(b) certification means one legal right, regardless of whether multiple remedies are sought. *Columbia*, 200 S.W.3d at 550. It means the aggregate of operative facts that give rise to a legally enforceable right. *Id.* In other words, claims are separate if they require proof of different facts and application of distinguishable law, subject to the limitation that severing the claims does not violate the prohibition on splitting a cause of action. *Id.* The Missouri Supreme Court explained that a Rule 74.01(b) certification is effective only when the order disposes of "a distinct judicial unit." *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997).

The required "judicial unit for an appeal" has a settled meaning: "the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim." ... It is "differing," "separate," "distinct" transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim.

*Id.* (Citations omitted.)

Here, the trial court did not dispose of one claim, or a distinct judicial unit, when it dismissed the buyer from the plaintiff's

suit. Consequently, the Rule 74.01(b) certification was improper. The plaintiff's claims against the bank for negligent misrepresentation, breach of contract, and wrongful foreclosure remain pending, and one of the buyer's asserted affirmative defenses is that the bank had the absolute right to foreclose on the plaintiff's home. The bank's petition in interpleader remains pending against both the plaintiff and the buyer, and the buyer's claim to the excess sale proceeds for damages, costs, and attorney's fees has not been resolved. All of these remaining claims arise out of the same transaction and require proof of the same set of facts. The claim of wrongful foreclosure pending against the bank is the very same claim from which the trial court dismissed the buyer and requires application of the same law to resolve. The trial court did not dispose of "one claim." *Committee for Educ. Equal.,* 878 S.W.2d at 451. Unlike the *Gibson* case, where the court dismissed all counts against one party, no party in the instant case has been entirely discharged from the litigation because the buyer's claim for damages, costs, and attorney's fees from the interpleaded funds remains pending in the trial court.

Resolution of the plaintiff's misrepresentation, breach of contract, and wrongful foreclosure claims could affect the outcome of the interpleader action because, if the foreclosure sale were set aside, there would be no excess sale proceeds to distribute. Moreover, the buyer has claimed that the plaintiff filed a frivolous lawsuit and has asserted a claim for damages, costs, and attorney's fees against the excess sale proceeds, which would normally be returned to the plaintiff should the foreclosure sale ultimately be upheld. The trial court's judgment on the pleadings neither explicitly nor implicitly resolved this claim against the interpleaded funds. For these reasons, the plaintiff's claims as they relate to the buyer are not "differing," "separate," or "distinct" occurrences, but rather require proof of the same set of facts and application of the same law to resolve as the plaintiff's remaining claims against the bank and the still-pending claims against the interpleaded funds.[2]

### Conclusion

Because the trial court did not dispose of one claim, or a distinct judicial unit, the trial court's dismissal of the buyer from the plaintiff's claim does not constitute a final judgment, notwithstanding the trial court's Rule 74.01(b) certification. Therefore, this Court lacks jurisdiction, and we

---

**2.** Even if we were to assume that one claim was resolved, we would still find that the Rule 74.01(b) determination was improper in this case. The trial court has discretion to declare its judgment final upon a finding of "no just reason for delay" pursuant to Rule 74.01(b), assuming at least one claim is fully resolved. *Committee for Educ. Equal.,* 878 S.W.2d at 453. However, where the circumstances of the case and judgment are wholly inconsistent with a finding of no just reason for delay, such a finding is an abuse of discretion. *Id.* Missouri Courts apply a four-factor test in deciding whether Rule 74.01(b) certification is proper and whether there is, in fact, no just reason for delay. *ARC Industries,* 157 S.W.3d at 346. The four factors are: 1) whether the action remains pending in the trial court as to all parties; 2) whether similar relief can be awarded in each separate count; 3) whether determination of the claims pending in the trial court would moot the claim being appealed; and 4) whether the factual underpinnings of all the claims are intertwined. *Id.* As discussed above, the action remains pending in the trial court as to all parties and the factual underpinnings of the claims are inextricably intertwined, thus rendering the trial court's Rule 74.01(b) determination an abuse of discretion and improper in any event.

dismiss the plaintiff's appeal.[3]

BOOKER T. SHAW, J., and KURT S. ODENWALD, J., concur.

3. All pending motions are hereby denied.