**K.J.J. LTD., John Keeley, Joann Keeley, and Kevin Keeley, Respondents/Cross-Appellants,**

v.

**REINERT AND DUREE, P.C., Bernard A. Reinert, Defendants/Appellants,**

and

**Robert Carter, Defendant.**

**Nos. ED 89623, ED 89677.**

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 12, 2008.

Anthony R. Behr, Thomas J. Hayek, Julia A. Bruzina, Stacy G. Jackson, St. Louis, MO, for appellants.

John A. Pawloski, St. Louis, MO, for respondents.

LAWRENCE E. MOONEY, Judge.

The defendants, Bernard Reinert ("Reinert") and Reinert & Duree, P.C. n/k/a Reinert & Rourke, P.C. ("the law firm"), appeal the judgment entered against Reinert by the Circuit Court of the City of St. Louis following a jury trial. The plaintiffs, KJJ, Ltd. n/k/a KJJ, Ltd. III, John Keeley, JoAnn Keeley, and Kevin Keeley, also appeal. The judgment, however, is not final because it fails to dispose of the law firm and KJJ. Therefore, we dismiss the defendants' appeal and the plaintiffs' cross-appeal for lack of jurisdiction.

The plaintiffs sued the defendants in connection with their representation of the plaintiffs in an underlying action involving a mechanic's lien and multiple other claims against the plaintiffs' landlord. The jury found in favor of the Keeleys and against Reinert on the plaintiffs' negligence/mal-

practice claim and awarded $100,000 in damages. The jury also found in favor of the third defendant, Robert Carter. The jury made no finding either in favor of or against the law firm or in favor of or against KJJ.

■ On every appeal, this Court must determine whether we have jurisdiction. *Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994); *Columbia Mut. Ins. Co. v. Epstein*, 200 S.W.3d 547, 549 (Mo.App. E.D.2006). Appellate review requires a final judgment, and where the judgment appealed from is not final, the Court lacks jurisdiction and must dismiss the appeal. Section 512.020 RSMo. (Supp.2007); *Columbia*, 200 S.W.3d at 549. A final, appealable judgment disposes of all issues and all parties in the litigation and leaves nothing for future determination. *Id.*

Here, the jury made no findings concerning either the law firm or KJJ, and the trial court's judgment likewise failed to dispose of these two corporate parties. Because the judgment does not dispose of all parties and issues in the case, it is not a final judgment. *Id.* Without a final judgment, this Court lacks jurisdiction. *Id.* Therefore, we dismiss the defendants' appeal and the plaintiffs' cross-appeal.[1]

ROY L. RICHTER, P.J., and GEORGE W. DRAPER III, J., concur.

---

1. We deny all pending motions.