**Harry DILWORTH, Plaintiff/Appellant,**

v.

**CITY OF BERKELEY, et al.,
Defendants/Respondents.**

**Nos. ED 92697, ED 93319.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Nov. 24, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 12, 2010.

Application for Transfer Denied
March 2, 2010.

Kevin J. Dolley, St. Louis, MO, for appellant.

J. Michael Waller, St. Louis, MO, for respondents.

Before ROBERT G. DOWD JR., P.J.,
LAWRENCE E. MOONEY, J., and
GLENN A. NORTON, J.

### ORDER

PER CURIAM.

In this consolidated appeal, the plaintiff, City of Ferguson police officer Harry Dilworth, appeals the judgment entered by the Circuit Court of St. Louis County dismissing, on the basis of sovereign immunity, his claim for negligence against the defendants, the City of Berkeley and Berkeley police officer Gary Eaves.[1] Finding no error, we affirm.

An opinion would have no precedential value. The parties have been provided with a memorandum, for their information only, setting forth the reasons for this decision. The trial court's judgment is affirmed. Rule 84.16(b)(5).

1. On the parties' stipulation, the trial court dismissed the plaintiff's claim against Eaves for unlawful seizure (count II) and his claim against the City and Eaves for strict liability (count III). Because the trial court has disposed of all issues and parties in the case, leaving nothing for future determination, its dismissal of the plaintiff's negligence claim (count I) constitutes a final, appealable judgment. *Bannister v. Pulaski Fin. Corp.*, 255 S.W.3d 538, 541 (Mo.App. E.D.2008). The dismissal renders moot the jurisdictional issue of the propriety of the trial court's earlier Rule 74.01(b) certification.