**BOOMERANG TRANSPORTATION, INC., Plaintiff–Appellant,**

v.

**MIRACLE RECREATION EQUIPMENT CO., Defendant–Respondent.**

No. SD 31393.

Missouri Court of Appeals, Southern District, Division One.

Feb. 22, 2012.

Gary J. Barrett, Little Rock, AR, for Appellant.

Gerald P. Greiman and Thomas W. Hayde, Spencer Fane Britt & Browne, L.L.P., St. Louis, MO, for Respondent.

GARY W. LYNCH, Judge.

Boomerang Transportation, Inc. ("Boomerang"), appeals the trial court's adverse summary judgment on its contract claim against Miracle Recreation Equipment Company ("Miracle"). Boomerang contends that a genuine issue of material fact exists as to the interpretation of the shipper-carrier contract between Boomerang and Miracle, making entry of summary judgment inappropriate and erroneous. Finding that the judgment from which Boomerang appeals is not a final judgment, we dismiss.

### *Factual and Procedural Background*

In February 2004, Boomerang entered into a three-year shipper-carrier contract with Miracle wherein Boomerang agreed to transport shipments of materials offered by Miracle in exchange for compensation as specified in the contract. In calculating Boomerang's compensation, paragraph two of the contract specified that Miracle would supply goods totaling a minimum of three million "Line Haul Revenue Miles" each year. For each mile less than the three million required, Miracle agreed to pay Boomerang $1.15. Because this rate was calculated based on round-trip mileage in the forty-eight contiguous United States, Boomerang agreed to "make a diligent effort to secure 'back haul'" and to rebate to Miracle seventy-eight percent of the revenue due Boomerang if back haul was secured. The parties entered into a new one-year contract in February 2007. The terms remained the same, but the mileage rate increased to $1.19 per mile under the requisite three-million-mile minimum. Following the expiration of the

2007 contract, the business relationship between Boomerang and Miracle ended.

On January 29, 2010, Boomerang filed a petition against Miracle containing two counts. Count I alleged "breach of contract for mileage shortfall[,]" and Count II alleged "breach of contract non-payment of services[.]" In Count I, Boomerang claimed that Miracle had fallen short of meeting its mileage requirements in 2004 (a shortage of 1,252,307 miles), 2005 (a shortage of 1,244,307 miles), and 2006 (a shortage of 1,249,306 miles), which resulted in a total of 3,845,920 miles for which Boomerang was due $4,422,808.00 [3,845,920 miles × $1.15/mile]. In Count II, Boomerang alleged that Miracle failed to pay Boomerang on various invoices sent from December 11, 2006, through February 22, 2008, which resulted in a $168,377.00 balance due Boomerang.

In its answer, Miracle claimed that the mileage requirement in paragraph two of the initial contract pertained to round-trip miles, while Boomerang had made its calculations based on outbound-only miles. It also filed a counterclaim against Boomerang wherein it claimed that Boomerang owed Miracle a rebate of $155,205.00 under the contracts in back-haul revenues, plus $10,370.00 in unpaid rental fees, for a total of $165,575.00.

Miracle filed a motion for summary judgment on both counts of Boomerang's petition. Afterward, at Boomerang's request, the trial court dismissed Count II of the petition without prejudice. Thereafter, the trial court granted Miracle's motion and entered summary judgment on Count I, finding that the plain language of the initial contract "makes clear that the minimum mileage requirement refers to round trip, not one-way, miles." In its judgment, the trial court specified that "[p]ursuant to Rule 74.01(b) there being no just reason for delay, this shall be a final judgment under Count I in the Petition."[1] No action was taken on Miracle's counterclaim, and it remains pending in the trial court. This appeal followed.

### *Discussion*

■ In its sole point on appeal, Boomerang claims that the trial court erred in granting summary judgment on Count I because the contract at issue is ambiguous and thus, genuine issues of material fact still exist that must be adjudicated at trial. Because Miracle's counterclaim is still pending before the trial court, however, we must first determine whether we have appellate jurisdiction to hear this appeal. On this Court's own motion, the issue of jurisdiction over this appeal was raised to the parties, and the issue was taken with the case.

■ This Court must first and foremost always determine whether an appeal is properly before it. *Comm. for Educ. Equality v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994). This must be done even if neither party challenges the authority of this Court to review the claim. *Boley v. Knowles*, 905 S.W.2d 86, 88 (Mo. banc 1995).

A final judgment is a prerequisite for appellate review, and if the judgment appealed is not final, we lack jurisdiction and must dismiss the appeal. Section 512.020 RSMo. (Supp.2005)[.] A final, appealable judgment disposes of all issues and all parties in the case, leaving nothing for future determination. Generally, when considering the finality of a judgment, if a counterclaim is pleaded, the trial court must make a finding that disposes of the counterclaim. Rule 74.01(b), however, permits the trial court

---

1. All references to rules are to Missouri Court Rules (2011).

to enter judgment on a single claim in a case with multiple claims and to certify its judgment as appealable upon an express determination that no just reason for delay exists.

*Columbia Mut. Ins. Co. v. Epstein,* 200 S.W.3d 547, 549 (Mo.App.2006) (citations omitted).

█ Simply because a trial court finds that no just reason for delay exists under Rule 74.01(b), however, does not automatically make a judgment final for purposes of appeal.

A judgment that resolves fewer than all the legal issues as to any single claim is not final despite the trial-judge's designation under Rule 74.01(b). Similarly, a judgment that fails to dispose of all remedies asserted as to the same legal rights, leaving some legal rights open for future adjudication, is not a final judgment under Rule 74.01(b).

*Columbia Mut. Ins. Co.,* 200 S.W.3d at 550 (citations omitted).

█ "[A] judgment is final only when it disposes of a 'distinct judicial unit.'" *Lumbermens Mut. Cas. v. Thornton,* 36 S.W.3d 398, 402 (Mo.App.2000) (quoting *Gibson v. Brewer,* 952 S.W.2d 239, 244 (Mo. banc 1997)). A distinct judicial unit means "'the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim.'" *Gibson,* 952 S.W.2d at 244 (quoting *State ex rel. State Hwy. Comm'n. v. Smith,* 303 S.W.2d 120, 123 (Mo.1957)).

Miracle's counterclaim against Boomerang for monies owed for back-haul revenue arises, at least in part, out of the same transaction or occurrence as Count I of Boomerang's petition, i.e., the amount of Boomerang's compensation under the initial 2004 contract. Both parties expressly premise their claims upon their rights and the amount of the compensation due to Boomerang arising from this contract. Indeed, Miracle alleges in paragraph two of its counterclaim that "[t]his Counterclaim arises out of the same agreements and transactions as the claim in the main action." The consideration and resolution of the same underlying facts and legal issues—the circumstances surrounding the creation and implementation of the 2004 contract and its interpretation as related to Boomerang's compensation—are necessary to determine Miracle's liability on Boomerang's claim under Count I of its petition for alleged underpaid mileage as they are to determine Boomerang's liability on Miracle's counterclaim for back-haul rebate. Because both arise out of the same transactions and occurrences and their factual underpinnings are intertwined, *see Columbia Mut. Ins. Co.,* 200 S.W.3d at 553, they form a distinct judicial unit, but the resolution of one without the other does not. Therefore, the trial court's judgment solely on Boomerang's Count I is not a final judgment. The trial court abused its discretion in certifying the judgment for appeal under Rule 74.01(b). *See ARC Indus., Inc. v. Siegel–Robert, Inc.,* 157 S.W.3d 344, 346 (Mo.App.2005).

### *Decision*

The trial court's judgment is not final for purposes of appeal, and, accordingly, we dismiss Boomerang's appeal for lack of appellate jurisdiction.

BURRELL, P.J., and RAHMEYER, J., concur.