

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| D.W., a Minor Child, by and through her Natural Parent and Next Friend, L.W., | ) ) ) ) | |
| Respondent, | ) | WD86206 |
| v. | ) | |
| | ) ) | OPINION FILED: April 9, 2024 |
| HOGAN PREPARATORY ACADEMY, INC., et al., | ) ) | |
| | ) | |
| Appellants. | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Sarah Castle, Judge**

**Before Division Two:** Anthony Rex Gabbert, Presiding Judge,
Gary D. Witt, Chief Judge, and Karen King Mitchell, Judge

Hogan Preparatory Academy, Inc. (Hogan),[1] and Douglas Bliss appeal from a

judgment in favor of D.W. on her claim against Hogan for sex discrimination under the

Missouri Human Rights Act (MHRA) and her claim against Bliss for battery. Hogan and

Bliss raise seven points on appeal. They assert trial court error in denying Hogan's

---

[1] Hogan Preparatory Academy, Inc., serves students grades K-12 at three public charter schools in Kansas City, Missouri: an elementary school, a middle school, and a high school.

motions for directed verdict and judgment notwithstanding the verdict (JNOV) because D.W. failed to make a submissible case on sex discrimination and punitive damages (Points I and II, respectively) and admitting evidence that Bliss experienced erections during class and pushed another sixth-grade girl (Points III and IV, respectively). Hogan and Bliss claim instructional error due to insufficient evidence of future damages and punitive damages (Points V and VI, respectively). Finally, Hogan and Bliss claim trial court error in denying their motion for new trial because the cumulative effect of the foregoing errors deprived them of a fair trial (Point VII). But, because the judgment below is not final, we dismiss this appeal for lack of appellate jurisdiction.

## Background

In March 2018, Bliss was a sixth-grade social studies teacher at Hogan Middle School (Hogan Middle), and D.W. was a student in his class. After school on March 12, 2018, D.W. went to Bliss's classroom for help with her classwork. According to D.W., during the fifteen minutes she was in his classroom, Bliss told her to close the door and, when she approached him with a question about an assignment, he rubbed her right thigh and suggested that it could be their "little secret." D.W., by and through her mother, subsequently brought a claim against Hogan for sex discrimination in a place of public accommodation under the MHRA and a claim against Bliss for assault and battery.[2] D.W. sought both compensatory and punitive damages against Hogan and Bliss.

---

[2] D.W. also brought claims against Hogan Middle, its principal, and vice-principal for negligence and negligent supervision, but the trial court granted a motion for directed verdict on those claims, and they were not submitted to the jury for consideration.

A jury trial was held January 3-6, 2023. D.W. offered testimony that she experienced uncontrollable crying, nightmares, and suicidal thoughts following the March 12 incident and, roughly a year later, was diagnosed with "other specified trauma disorder." She also offered testimony that Bliss had previously pushed another sixth-grade girl when she refused to leave Bliss's classroom. Hogan investigated that incident and concluded that Bliss engaged in inappropriate physical contact with the other girl. Although Bliss was placed on paid administrative leave while Hogan investigated the pushing allegation, Bliss was not disciplined in connection with that incident. D.W. also offered testimony that Bliss wore tight-fitting clothing, flexed his muscles, had erections in class, and massaged students' shoulders, calves, and thighs during class.

Bliss denied any wrongdoing.[3] The day after D.W. disclosed the March 12 incident to Hogan Middle, her mother and her mother's boyfriend attacked Bliss in his classroom. As a result of the injuries he sustained, Bliss was placed on medical leave for the remainder of the semester. And D.W. was suspended for ten days for "put[ting] her hands" on Bliss during the attack.

Hogan offered video from a hallway camera showing that, on March 12, D.W. appeared to enter Bliss's classroom after school and exit his classroom thirty-eight to thirty-nine seconds later. D.W. claimed that she returned to Bliss's classroom later that same afternoon and that is when the incident occurred, but Hogan's former principal testified that the only video showing D.W. near Bliss's classroom after school was the

---

[3] Four days before the incident involving D.W., Bliss submitted his resignation to Hogan Middle, effective at the end of the semester.

thirty-eight-to-thirty-nine-second video, which was the only video preserved by Hogan and available at trial. Hogan also presented the testimony of an independent licensed professional counselor that D.W. "has some behavioral and psychological issues . . . [but] whatever happened to [D.W.] happened before March 2018."

Both Children's Division of the Missouri Department of Social Services and the Kansas City Police Department (KCPD) investigated the March 12 incident, and both closed their files without making any findings. Hogan did not disclose to Children's Division or KCPD Hogan's prior determination that Bliss had engaged in inappropriate physical contact with another female student, even though the information would have been relevant to the investigations.

The jury found Bliss liable for battery and awarded D.W. $250,000 in compensatory damages against him; the jury found Bliss not liable for punitive damages. The jury found Hogan liable for sex discrimination under the MHRA and awarded D.W. $350,000 in compensatory damages and $350,000 in punitive damages.

The trial court issued an "Order" on January 9, 2023, resolving various motions for directed verdict. On February 3, 2023, the trial court issued an "Amended Judgment" in which the court entered judgment for D.W. on her MHRA claim against Hogan and her battery claim against Bliss.[4] But the Amended Judgment did not include dollar amounts for the compensatory damages or punitive damages awarded to D.W. On

---

[4] The Amended Judgment is the only document in the legal file denominated "Judgment." It appears that the Amended Judgment was intended to amend the January 9 Order.

4

March 30, 2023, the trial court issued another document denominated "Order" granting D.W.'s motion to amend the Amended Judgment to include attorney's fees and costs and awarding D.W. $554,616.00 in attorney's fees and $8,867.63 in costs. The March 30 Order also denied Hogan's and Bliss's joint motion for a new trial and Hogan's motions for JNOV on liability and punitive damages. This appeal follows.

**Analysis**

"As in every case, before addressing the merits of the appellant[s'] claim[s], we first must determine . . . our jurisdiction." *Sykora v. Farmers Ins. Co., Inc.*, 642 S.W.3d 381, 384 (Mo. App. W.D. 2022) (quoting *Stotts v. Progressive Classic Ins. Co.*, 118 S.W.3d 655, 660 (Mo. App. W.D. 2003)). "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Laramore v. Jacobsen*, 652 S.W.3d 385, 388 (Mo. App. E.D. 2022) (quoting *Wilson v. City of St. Louis*, 600 S.W.3d 763, 767 (Mo. banc 2020)). "Section 512.020(5) provides a right of appeal to '[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause . . . from any . . . [f]inal judgment in the case[.]'" *Sykora*, 642 S.W.3d at 384 (quoting § 512.020(5)).[5] "[A] final judgment is defined as one that resolves 'all issues in a case, leaving nothing for future determination.'" *Id.* (quoting *First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017)). "As a result, any judgment that resolves only part of a claim, or that resolves some of the claims pending in a lawsuit but leaves others unresolved, generally is not a 'final judgment' for

_____

[5] All statutory references are to the Revised Statutes of Missouri, Supp. 2022.

purposes of section 512.020(5)." *Id.* (quoting *First Nat'l Bank of Dieterich*, 515 S.W.3d at 221). "And, because '[a] final judgment is a prerequisite to appellate review[, i]f the circuit court's judgment was not a final judgment, the appeal must be dismissed.'" *Id.* (quoting *Loerch v. City of Union*, 601 S.W.3d 549, 552 (Mo. App. E.D. 2020)).

The appeal in this case is from the trial court's judgment following a jury trial, but that judgment set forth the issues as to liability only; it did not indicate the monetary amounts for which Hogan and Bliss are liable. Though the verdict forms and trial transcript indicate that the jury awarded D.W. $250,000 in compensatory damages against Bliss and $350,000 in compensatory damages and $350,000 in punitive damages against Hogan, the trial court "has yet to order [Hogan and Bliss] to pay *any* money [other than attorney's fees and costs] as a result of its liability determination." *Sykora*, 642 S.W.3d at 384 (finding no final judgment where the purported judgment determined liability but not the monetary amount of damages for which the insurer was liable); *Stotts*, 118 S.W.3d at 661 (holding that, by its terms, the trial court's judgment was not final and appealable because "it only disposed of the liability issues concerning the respondents' claims and left the entry of judgment as to the issue of damages for a later date if the respondents[] prevailed on appeal").[6] Thus, the trial court's judgment in this case is not final.

---

[6] As in this case, in both *Sykora* and *Stotts*, the amount of damages was discernable from the record but was not reflected in the trial court's judgment. *Sykora v. Farmers Ins. Co., Inc.*, 642 S.W.3d 381, 383 (Mo. App. W.D. 2022); *Stotts v. Progressive Classic Ins. Co.*, 118 S.W.3d 655, 660 (Mo. App. W.D. 2003)).

In the absence of a final judgment, we lack jurisdiction to review Hogan's and Bliss's claims on appeal, and we must dismiss the appeal. *See Waldenville v. Waldenville*, 632 S.W.3d 866, 868 (Mo. App. W.D. 2021) ("A final judgment is a prerequisite for appellate review, and if the judgment appealed is not final, we lack jurisdiction and must dismiss the appeal.") (quoting *Boomerang Transp., Inc. v. Miracle Recreation Equip. Co.*, 360 S.W.3d 314, 316 (Mo. App. S.D. 2012)).

**Conclusion**

There is no final judgment here because the amount of damages awarded was never memorialized in a judgment; therefore, we lack appellate jurisdiction and dismiss the appeal.[7]

_____
Karen King Mitchell, Judge

Anthony Rex Gabbert, Presiding Judge, and Gary D. Witt, Chief Judge, concur.

---

[7] D.W. filed a motion to dismiss this appeal for lack of appellate jurisdiction on the grounds that neither the January 9 Order nor the February 3 Amended Judgment resolved her claims for attorney's fees and costs, and the March 30 Order, which did resolve those claims, was not denominated a "judgment." Hogan and Bliss then filed a motion for leave to correct a clerical mistake in the March 30 Order by redesignating it "Second Amended Judgment." We took both motions with the case. In view of our conclusion that we lack jurisdiction because there is no final judgment determining the amount of compensatory and punitive damages awarded, we deny both motions as moot.