

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FIVE

| | | |
|---|---|---|
| WILLIAM HOELTING, et al., | ) | No. ED112652 |
| | ) | |
| Respondents, | ) | Appeal from the Circuit Court |
| | ) | of Lincoln County |
| vs. | ) | |
| | ) | Honorable David H. Ash |
| HADLEY GROVE SUBDIVISION | ) | |
| HOMEOWNERS ASSOCIATION, | ) | |
| | ) | |
| Appellant. | ) | FILED: February 11, 2025 |

Hadley Grove Subdivision Homeowners Association appeals the circuit court's grant of partial summary judgment in favor of William Hoelting, Lisa Hoelting, Jerome Hoelting and Patricia Hoelting on Count I of the Hoeltings' petition, which sought injunctive relief for trespass. Because there is no final, appealable judgment, we dismiss the appeal.

## Factual and Procedural Background

The Hoeltings brought a trespass action against the City of Moscow Mills, Houston Homes, LLC ("Houston Homes") and Hadley Grove Subdivision Homeowners Association ("Hadley Grove") after Houston Homes installed a stormwater drainage pipe on the Hoeltings' property without permission. The pipe, which was constructed as part of Houston Homes's development of the Hadley Grove subdivision, exits a detention basin on the subdivision's common ground, enters the Hoeltings' property and discharges stormwater directly onto their farmland. In their petition for trespass, the Hoeltings requested injunctive relief (Count I) and damages (Count II).

The Hoeltings filed a motion for summary judgment against Houston Homes "on the issue of liability" and against Hadley Grove "for liability and an injunction." After a hearing, the circuit court entered partial summary judgment in favor of the Hoeltings, finding that Houston Homes was "liable to [the Hoeltings] for construction of the storm sewer line on [their] property without permission and for damages to [the Hoeltings] accruing while Houston Homes, LLC owned the storm sewer line." The circuit court also ordered Hadley Grove to remove the pipe from the property. The circuit court expressly reserved for trial the issue of the Hoeltings' damages and the resolution of various cross-claims among the defendants.

The circuit court certified its partial summary judgment order as final pursuant to Rule 74.01(b),[1] finding no just reason for delay, and it is from this judgment that Hadley Grove appeals. After ordering Hadley Grove to show cause why this appeal should not be dismissed for lack of a final, appealable judgment, this Court directed the parties to brief the jurisdictional issue and took it with the case.

**Discussion**

Before we can reach the merits of Hadley Grove's points on appeal, we have a duty to determine whether we have the authority to do so. *See First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n., Inc.*, 515 S.W.3d 219, 221 (Mo. banc 2017). "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." *Wilson v. City of St. Louis*, 600 S.W.3d 763, 767 (Mo. banc 2020) (quoting *First Nat'l Bank of Dieterich*, 515 S.W.3d at 221). As relevant here, section 512.020(5)[2] provides that "[a]ny party to a suit aggrieved by any judgment of any trial court in any civil cause . . . may take his or her appeal to a

---

[1] All rule references are to the Missouri Supreme Court Rules (2024).
[2] All statutory references are to RSMo (2016).

2

court having appellate jurisdiction from any: . . . [f]inal judgment in the case . . . ." Generally, a final judgment is "one that resolves all issues in a case, leaving nothing for future determination." *First Nat'l Bank of Dieterich*, 515 S.W.3d at 221 (internal quotation omitted). "As a result, any judgment that resolves only part of a claim, or that resolves some of the claims pending in a lawsuit but leaves others unresolved, [] is not a 'final judgment' for purposes of section 512.020(5)." *Id.*

Rule 74.01(b) "provides a limited exception to this finality requirement." *Id.* Where multiple claims are presented in an action, "[t]he rule authorizes the trial court to enter an appealable final judgment as to fewer than all claims or parties in the case and to certify that there is no just reason to delay the appeal of that judgment." *Buemi v. Kerckhoff*, 359 S.W.3d 16, 20 (Mo. banc 2011). "[T]he effect of Rule 74.01(b) is to permit severance of any unrelated substantive claim for relief of the parties and to allow appeal of a final judgment on those severed claims." *First Nat'l Bank of Dieterich*, 515 S.W.3d at 222 (emphasis and internal quotation omitted). Thus, a circuit court's designation of a judgment as final is effective only if it disposes of a "judicial unit" of claims. *Wilson*, 600 S.W.3d at 770-71.

The Supreme Court of Missouri has articulated "two alternate methods for determining if a judgment disposes of a judicial unit." *Topping Ests. v. Spalitto Living Tr.*, 680 S.W.3d 144, 150 (Mo. App. E.D. 2023). "Under the first method, a judicial unit is created when a judgment 'disposes of all claims by or against one or more—but fewer than all—of the parties.'" *Id.* (quoting *Wilson*, 600 S.W.3d at 769). "Such a judgment is considered 'final' in that it 'resolves all of the claims in a lawsuit from the point of view of at least one party, even though other claims by or against other parties remain to be resolved.'" *Id.* (quoting *Wilson*, 600 S.W.3d at 769). This method is inapplicable here because the circuit court's judgment did not summarily dismiss any of the parties from the litigation.

"The second method does not address the parties to the litigation and instead finds a judicial unit is disposed of when a judgment 'resolves one or more claims that are distinct from those claims that remain to be resolved.'" *Id.* (emphasis omitted) (quoting *Wilson*, 600 S.W.3d at 770). "Claims are 'distinct' where they do not arise from the same set of facts, transactions, or occurrences." *Id.* "It is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim." *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997). Thus, "[a] judgment that resolves fewer than all legal issues as to any single claim" or "that fails to dispose of all remedies asserted as to the same legal rights, leaving some remedies open for future adjudication, does not constitute a final judgment under Rule 74.01(b)." *Bannister v. Pulaski Fin. Corp.*, 255 S.W.3d 538, 541 (Mo. App. E.D. 2008).

Here, the circuit court's entry of partial summary judgment in favor of the Hoeltings did not dispose of one claim or a distinct judicial unit. The Hoeltings' prayer for injunctive relief in Count I (which the judgment resolved) and their prayer for money damages in Count II (which the judgment did not resolve and expressly reserved for later adjudication) both arose out of the same set of facts and the same transaction or occurrence—the unauthorized installation of the stormwater drainage pipe on their property. Stated another way, the damages the Hoeltings alleged in Count II did not arise independently of the trespass for which the circuit court found Houston Homes liable and for which it granted injunctive relief against Hadley Grove. Thus, the two counts set forth in the Hoeltings' petition are merely different legal theories seeking to recover relief for a single claim of trespass. *See McClain v. Landmark Equity Grp., LLC*, 584 S.W.3d 383, 388-89 (Mo. App. W.D. 2019) (holding that partial summary judgment on three counts of the plaintiff's eight-count petition "did not resolve a distinct, judicial unit," and therefore could not be certified

4

for appeal pursuant to Rule 74.01(b), where all eight counts were "merely different legal theories seeking to recover damages for the same underlying transaction").

Because the circuit court's entry of partial summary judgment "did not resolve a single, judicial unit," certification pursuant to Rule 74.01(b) was not proper, and the partial summary judgment is not a final, appealable judgment. *See Gibson*, 952 S.W.2d at 244-45. Therefore, we have no authority to hear Hadley Grove's appeal.

**Conclusion**

For the foregoing reasons, the appeal is dismissed.

_____
MICHAEL E. GARDNER, Judge

Thomas C. Clark II, C.J., concurs.
S. Cotton Walker, Sp.J., concurs.