**ACU CREDIT UNION,**
**Plaintiff/Cross–Claimant/Respondent,**

v.

**ESTATE Of Harold A. MELMAN,**
**Defendant/Third–Party–Plaintiff,**

v.

**COLLECTOR OF REVENUE FOR THE CITY OF ST. LOUIS, Ronald Leggett, Third–Party Defendant/Cross–Claimant/Appellant.**

No. 57674.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 9, 1990.

Anthony J. Sestric, St. Louis, for appellant.

Gary H. Feder, Clayton, for respondent.

CRANDALL, Presiding Judge.

Collector of Revenue for the City of St. Louis, Missouri, Ron Leggett (Collector), appeals from the order of the trial court granting the motion of ACU Credit Union (ACU), for summary judgment and purporting to award ACU attorney's fees. We

---

**804**

dismiss the appeal without prejudice as premature.

ACU holds a recorded deed of trust dated December 30, 1981, on certain real property located in the City of St. Louis, Missouri. The deed is held as security on a loan of $71,500 to the 1981 owners of the property. In 1985, Collector filed a land tax suit for delinquent payment of property taxes, and in 1986 Collector obtained a judgment of foreclosure against the property. Thereafter, the Sheriff of the City of St. Louis (Sheriff) sold the property at public auction, had the sale confirmed by the circuit court, and executed a sheriff's deed to the buyers. Sheriff never notified ACU of the pendency of the foreclosure sale.

ACU brought an action against Harold A. Melman (now deceased), then owner of the property (Owner), for a ·declaratory judgment that ACU's deed of trust was valid and in full force and effect. Owner filed a third-party claim against Collector to set aside the sheriff's sale and confirmation of the sale. Collector then filed, *inter alia*, a cross-claim against ACU seeking to set aside the sale and confirmation of the sale. ACU filed a cross-claim against Collector seeking imposition of a ten percent penalty and attorney's fees. Both ACU and Collector moved for summary judgment. The trial court filed an order denying Collector's motion, granting ACU's motion, declaring that Collector was liable to ACU for reasonable attorney's fees, and dismissing all other claims and counterclaims. The trial court did not, however, enter a definite monetary amount of attorney's fees to be paid.

Although not questioned by the parties, we consider the issue of the appealability of the trial court's order *sua sponte*. *Plummer v. United Sav. and Loan Ass'n*, 781 S.W.2d 827, 828 (Mo.App.1989).

■ In order for an appeal to lie, there must be a final judgment or order. *Around the World Importing, Inc., et al. v. Mercantile Trust Company Nat. Ass'n et al.*, 771 S.W.2d 919, 921 (Mo.App.1989). Rule 74.01(b) provides that when more than one claim for relief is presented or when multiple parties are involved, "the court may enter a judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."

■ No such express determination appears in the order. Without such a determination, "the order does not become final *for appeal* purposes until entry of judgment adjudicating all the claims, rights, and liabilities of all the parties." *In re Estate of Caldwell*, 766 S.W.2d 464, 466 (Mo.App.1989).

The trial court's order granting ACU's motion for attorney's fees is interlocutory and not final for purposes of appeal. The lack of an appealable order or judgment precludes our review. We therefore express no opinion on the merits of plaintiff's appeal.

The appeal is dismissed without prejudice as premature.

JOSEPH SIMEONE, Senior Judge, concurs.

KAROHL, J., dissents in separate opinion.

KAROHL, Judge, dissenting.

Because I find the award of attorney's fees against Collector of Revenue for the City of St. Louis unauthorized as a matter of law I would so hold on that claim. If this view were sustained the judgment of the trial court would fully dispose of all the issues, the judgment would be a final judgment and a decision on the merits appropriate.