Donald W. SHEA and David M. Shea, Respondents,

v.

Mary A. GAITHER and Donald U. Gaither, Individually and as Trustees of the Doris V. Staats Lifetime Trust, et al., Appellants.

No. ED 97977.

Missouri Court of Appeals, Eastern District, Division Four.

Jan. 2, 2013.

---

Mark M. Wenner, Clayton, John K. Howald, Cuba, MO, for appellants.

R. Brooks Kenagy III, J.D. Rohrer, Steelville, MO, for respondents.

LAWRENCE E. MOONEY, Presiding Judge.

The defendant trustees of the Doris V. Staats Lifetime Trust, Donald and Mary

Gaither, appeal individually and in their capacity as trustees from the judgment of the Circuit Court of Warren County entered after hearing on the residuary beneficiaries' objections to the trustees' final accounting and proposed distribution. The plaintiffs, Donald Shea and David Shea, nephews of the settlor and the residuary beneficiaries of the trust, filed suit in multiple counts against the trust, the trustees individually, and several others. The trial court issued its judgment on the final accounting, but left pending the beneficiaries' claims concerning the validity of an amendment to the trust that made a gift of two farms from the trust to the trustees and the later conveyance of one of the farms.

The trial court failed to dispose of "one claim" when it did not resolve the beneficiaries' action concerning the amendment to the trust and disposition of the farms. Therefore, we dismiss the trustees' appeal for lack of jurisdiction.

### Facts

Doris Staats established the Doris V. Staats Lifetime Trust in 2004, and named her nephews, Donald Shea and David Shea as the residuary beneficiaries. Mary Gaither, the niece of Doris Staats's late husband, and Mary Gaither's husband, Donald, became the trustees of the Doris V. Staats Lifetime Trust in May 2007. The value of the trust was then about $5,000,000. In June 2007, Doris Staats purportedly executed several amendments to the trust, which the beneficiaries claim were not properly executed according to the trust's express terms. The Amendment to Article One—Exhibit A gave the property known as the Gaither Farm to the trustees and gave to Mary Gaither and several other persons the property known as the Beatty Farm. According to the beneficiaries, the trust also made a number of

gifts and payments to other persons, including the trustees and their family members, made early distributions to charities and other entities named in the trust, made an interest-free loan to the trustees, and purchased a $100,000 certificate of deposit in the name of the trustees individually. Donald Gaither, as trustee, conveyed by general warranty deed the Beatty Farm to Mary Gaither and nine other persons in November 2007. Doris Staats died a month later.

The beneficiaries sued the trustees, both individually and in their capacity as trustees, along with numerous other individuals, entities, and charities. The beneficiaries sought removal of the trustees, an accounting, damages for breach of loyalty, money had and received from several individuals, and a declaratory judgment that various amendments to the trust were void and invalid. They also sought to set aside the deed conveying the Beatty Farm.

The trial court entered a consent judgment on July 30, 2010 that, *inter alia,* dismissed several of the claims and parties, ordered a final accounting, and authorized the beneficiaries to file a third-amended petition. The beneficiaries filed their third-amended petition seeking a declaratory judgment voiding the Amendment to Article One—Exhibit A based on undue influence and failure to comply with the trust's express requirements for amendments, and seeking to set aside the deed conveying the Beatty Farm. In accordance with the consent judgment, the trustees filed their final accounting. The residuary beneficiaries filed objections. After hearing evidence over the course of two days, the trial court issued its judgment on the final accounting. At the request of the trust's attorney—made so that the trustees could withdraw and relinquish their duties to the Warren County Public Administrator—the court ruled that

"this Judgment is final for the purpose of appeal pursuant to Section 512.020 RSMo."

The trustees appeal. The beneficiaries' action involving the validity of the Amendment to Article One—Exhibit A, which provides for the gifts of the Gaither and Beatty Farms, remains pending. The trustees have also pointed to other issues with the judgment that affect its finality.

## Discussion

In eight points on appeal and several subpoints, the trustees assert numerous claims of error involving the trial court's findings of fact, admission of evidence, failure to award trustees' fees, rejection of certain fees billed by the trustees' certified public accountant, rejection of certain attorney's fees, denial of certain trustees' fees, and the amount ordered to remain in the trust for taxes.

In every appeal, this Court must determine whether we have jurisdiction. *Comm. for Educ. Equal. v. State*, 878 S.W.2d 446, 450 (Mo. banc 1994); *Columbia Mut. Ins. Co. v. Epstein*, 200 S.W.3d 547, 549 (Mo.App. E.D.2006). Appellate review requires a final judgment, and where the judgment appealed lacks finality, we lack jurisdiction and must dismiss the appeal. Section 512.020 RSMo. (Supp. 2011);[1] *Columbia*, 200 S.W.3d at 549. A final, appealable judgment disposes of all issues and all parties in the litigation, leaving nothing for future determination. *Id.* However, a trial court may enter judgment on a single claim in a case involving multiple claims and certify its judgment as final and appealable upon an express determination that no just reason for delay exists. Rule 74.01(b); *Comm. for Educ. Equal.*, 878 S.W.2d at 450; *Columbia*, 200 S.W.3d

at 549. Rule 74.01(b) provides in pertinent part:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may enter a judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay.*

(Emphasis added).

In this case, the trial court issued its judgment with regard to the final accounting on September 19, 2011. At the request of the trust's attorney—made so that the trustees could withdraw and relinquish their duties to the Warren County Public Administrator—the court ruled that "this Judgment is final for the purpose of appeal pursuant to Section 512.020 RSMo." Section 512.020, however, enumerates appealable judgments and orders. It makes no provision for appeal when the trial court has not disposed of all claims and parties.

The court did not designate its judgment as a final judgment for purposes of appeal pursuant to Rule 74.01(b), nor did it make an express finding of no just reason for delay. "If a trial court does not adjudicate all issues and does not make the determination called for by Rule 74.01(b), the judgment is not final and the appeal must be dismissed." *Ruestman v. Ruestman*, 69 S.W.3d 525, 528 (Mo.App. S.D. 2002). "[F]or the circuit court to certify for appeal a judgment resolving fewer than all the claims, the judgment must expressly designate that there is 'no just reason for delay.'" *In re Estate of Ginn*, 323 S.W.3d 860, 864 (Mo.App. W.D.2010). Where the circuit court does not make such an express designation, the judgment

1. All statutory references are to RSMo. (Supp. 2011).

is not final, and we must dismiss the appeal. *Id.*

Even were we to construe the trial court's language as a certification pursuant to Rule 74.01(b), we must determine whether such a designation was proper. *Columbia,* 200 S.W.3d at 550. For certification pursuant to Rule 74.01(b), the trial court's decision must dispose of at least one claim. Rule 74.01(b); *Comm. for Educ. Equal.,* 878 S.W.2d at 450; *Columbia,* 200 S.W.3d at 550. The "one claim" required for Rule 74.01(b) certification means one legal right, regardless of whether multiple remedies are sought. *Id.* A judgment that resolves fewer than all legal issues as to any single claim is not final, despite designation under Rule 74.01(b). *Id.* Likewise, a judgment that fails to dispose of all remedies asserted as to the same legal rights, leaving some remedies open for future adjudication, does not constitute a final judgment under Rule 74.01(b). *Id.*

Here, the trial court did not dispose of one claim when it entered its judgment on the final accounting. Rather, it disposed of one of several requested remedies.[2] The beneficiaries essentially complain of breach of fiduciary duty and self-dealing by the trustees. The beneficiaries' actions for accounting, declaratory judgment, and to set aside conveyance of the Beatty Farm are all remedies for the trustees' purported breach, not distinct substantive claims. Thus, the final accounting is inextricably interwoven with whether the trustees engaged in self-dealing. And ultimately, the final accounting is inextricably interwoven with the validity of the Amendment to Article One—Exhibit A

and its disposition of the Beatty and Gaither Farms.

Furthermore, the trial court ordered the trust to retain only $54,000 solely for payment of anticipated federal estate taxes. The trustees have challenged this ruling. If we were to affirm this portion of the trial court's judgment, the trust would be left with no corpus with which to litigate the pending claims regarding the Beatty and Gaither Farms and the validity of the Amendment to Article One—Exhibit A. And it is the pending litigation that may ultimately determine whether the trust is responsible for the costs of defending the litigation, or whether the trustees' conduct was such that justice and equity require they be held personally liable for the cost of defending against the beneficiaries' remaining claims. *See Klinkerfuss v. Cronin,* 289 S.W.3d 607, 617 (Mo.App. E.D.2009)(stating that plain language of section 456.10–1004 provides that any party, as distinguished from the trust itself, may be ordered to pay attorneys' fees as justice and equity require).

The trustees have pointed to several other issues that affect the judgment's finality as well. First, the judgment fails to award the trustees $17,255.75 in trust administration fees that the court found reasonable and approved accordingly. The beneficiaries concede that the court should have ordered and awarded these fees.

The trial court also found that the trustees were entitled to "additional Trustee fees" through the date of distribution. The court stated that such fees would be calculated pursuant to the Bank of Sullivan's fee schedule for administering trusts.

---

2. Accounting and declaratory judgment are both remedies. *See Chapman v. Dunnegan,* 665 S.W.2d 643, 647 (Mo.App. E.D.1984)(equitable accounting is appropriate remedy where there exists a duty to account arising from fiduciary relationship between the parties); *Columbia,* 200 S.W.3d at 550 ("Declaratory judgment provides but one of several remedies; it is not a substantive claim.").

As with the $17,255.75 in administrative fees cited above, however, the judgment failed to actually award any additional fees. Additional evidence—such as evidence of additional time spent and tasks undertaken—may be required to determine that amount. "[A] judgment that requires external proof or another hearing to dispose of disputed issues involved in the litigation is not final for purposes of Rule 74.01(b)." *In re Trust of Bornefeld,* 36 S.W.3d 424, 426 (Mo.App. E.D.2001).

### *Conclusion*

Because the trial court did not dispose of one claim, and because of the other deficiencies we have noted, the trial court's entry of judgment on the final accounting does not constitute a final judgment, notwithstanding the trial court's attempt to designate it as such for appeal. Therefore, this Court lacks jurisdiction, and we dismiss the trustees' appeal.

PATRICIA L. COHEN, J., and KURT S. ODENWALD, J., concur.

Margo Steinlage, John J. Ammann, St. Louis, MO, for Appellant.

Shelly A. Kintzel, Michael Pritchett, Division of Employment Security, Jefferson City, MO, for Respondent.

Hanneke's Logowear, LLC, St. Louis, MO, Acting pro se.

Before GARY M. GAERTNER, JR., C.J., ROBERT M. CLAYTON III, J., and ELLEN LEVY SIWAK, SP. J.