Lisa P. Page, Chief Judge
Peggy Crawford ("Crawford") appeals the trial court's entry of partial summary judgment on three of her four counts against Distributor Operations, Inc. ("DOI"). We reverse and remand.
BACKGROUND
On May 30, 2002, DOI entered into a lease agreement with Crawford for two buildings, identified as building 2A and building 3 (collectively the "Property"), in Farmington, Missouri. The lease began July 1, 2002 and terminated June 30, 2007. DOI occupied the Property from July 1, 2002, until September 1, 2003. DOI sublet the Property to C & G Harris, Inc. d/b/a Interstate Batteries of Missouri Parkland *466 ("Harris")[1] on September 1, 2003. Harris occupied the Property until December 31, 2011. Both DOI and Harris used the Property for their battery distribution businesses. In February 2012, Crawford leased building 3 to Austen Powder. When an employee's child tested positive for lead, Austen Powder performed an environmental test which detected lead pollution on the Property.[2]
Crawford subsequently filed suit against DOI and Harris on October 24, 2012. After several amended petitions and a voluntary dismissal, Crawford filed a petition alleging six claims against DOI and Harris separately: strict liability, negligence, and breach of lease. Crawford also alleged one count of personal injury against DOI and Harris jointly. DOI moved for summary judgment on the claims of strict liability, negligence, and breach of lease asserting the statute of limitations as an affirmative defense. The trial court granted DOI's motion and certified the judgment for appeal, pursuant to Rule 74.01(b), stating there was no just reason to delay an appeal. The count against DOI for personal injury remains before the lower court. The present appeal follows.
DISCUSSION
Standard of Review
We review the grant of summary judgment de novo. ITT Commercial Finance Corp. v. Mid-America Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). "Insofar as the movant's right to judgment as a matter of law depends upon the presence or absence of certain facts, the movant must also establish ... that there is no genuine dispute about those material facts." Id. at 380. We review the record in the light most favorable to the party against whom judgment was entered, here Crawford. Cook v. DeSoto Fuels, Inc. , 169 S.W.3d 94, 101 (Mo. App. E.D. 2005). The statute of limitations is an affirmative defense under Rule 55.08. In order to establish a right to summary judgment DOI, as the defending party, must show there is no genuine dispute about each of the facts necessary to support a properly pleaded affirmative defense. Cook , 169 S.W.3d at 101.
Motion to Dismiss
We first address the jurisdiction issue raised by DOI. This court has an independent obligation to determine whether it has jurisdiction to hear appeals that come before it. Talbot v. Union Elec. Co., 157 S.W.3d 376, 378 (Mo.App. E.D. 2005). As a general rule, a party may only appeal from a final judgment. Id. A final judgment is one that disposes of all parties and claims in the case. Id. Rule 74.01(b) provides a limited exception to the finality requirement. First Nat'l Bank of Dieterich v. Pointe Royale Prop. Owners' Ass'n, Inc. , 515 S.W.3d 219, 221 (Mo. banc 2017). If more than one claim for relief is presented in an action, or multiple parties are involved, Rule 74.01(b) permits a trial court to enter judgment on one or more-but fewer than all-of the claims in an action and make that judgment a "final judgment" by certifying there is no just reason to delay that appeal. First Nat'l Bank of Dieterich , 515 S.W.3d at 221-22.
Even when a trial court designates its judgment as final, such a designation is effective only if it disposes of a "distinct judicial unit."
*467 Hardin v. Adecco USA, Inc. , 419 S.W.3d 883, 886 (Mo.App. E.D. 2014).
A distinct "judicial unit" is defined as "the final judgment on a claim, and not a ruling on some of several issues arising out of the same transaction or occurrence which does not dispose of the claim." Further, an order addressing "some of several alternative counts, each stating only one legal theory to recover damages for the same wrong, is not considered an appealable judgment while the other counts remain pending because the counts are concerned with a single fact situation." "It is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim. "
Ndegwa v. KSSO, LLC , 371 S.W.3d 798, 801-02 (Mo. banc 2012) (quoting Gibson v. Brewer , 952 S.W.2d 239, 244 (Mo. banc 1997) ) (emphasis added) (internal citations omitted). Moreover, "A judgment that dismisses one of two defendants on the basis of a defense available to only the dismissed defendant constitutes a distinct judicial unit reviewable on appeal." Hardin , 419 S.W.3d at 886.
However, "even if a distinct judicial unit is disposed of, there remains the issue of whether the 74.01(b) certification is justified." Hardin , 419 S.W.3d at 886. Missouri courts apply a four-factor test in deciding whether there is no just reason for delay: "(1) is the case still pending in the trial court as to all parties; (2) can similar relief be awarded in each count; (3) would resolving the claims in the trial court moot the claim being appealed; and (4) are the factual underpinnings of all claims intertwined?" Id.
Here, the trial court ruled on all the counts against DOI based on the statute of limitations, a defense distinct to DOI, due to the timeframe the company occupied the Property. The lower court did not dispose of Crawford's personal injury action against DOI. That claim is distinct from Crawford's claims of breach of lease, strict liability, and negligence and is not subject to the statute of limitations defense. Crawford's personal injury claim requires proving facts separate and distinct from the other three counts. Thus, we find the three counts subject to DOI's summary judgment motion form a distinct judicial unit.
For similar reasons, applying the four-factor test favors the trial court's certification. Distinct relief can be awarded for the counts appealed, resolving the claim in the lower court would not necessarily moot the counts appealed, and there are distinct factual underpinnings differentiating the counts appealed and the remaining count.
The case is still pending before the trial court, which generally weighs against an early appeal. See Saganis-Noonan v. Koenig , 857 S.W.2d 499, 502 (Mo.App. E.D. 1993). However, because the three remaining factors weigh in favor of finding there was no just reason for delay, we hold the trial court did not abuse its discretion in certifying its judgment for appeal. Therefore, finding this court has jurisdiction to entertain this appeal, we proceed to the merits.
Statute of Limitations
Both parties agree the three counts subject to DOI's summary judgment motion are governed by a five-year statute of limitations. Section 516.120 RSMo (2016). These types of actions do not accrue, and the statute of limitations does not begin to run, until the damage is sustained and "capable of ascertainment." Section 516.100 RSMo (2016). When the alleged damage was capable of ascertainment, not *468 when the injury is discovered, is dispositive in the present case.
The capable of ascertainment test is an objective one. Powel v. Chaminade Coll. Preparatory, Inc., 197 S.W.3d 576, 584 (Mo. banc 2006). Damages are capable of ascertainment, triggering the applicable statute of limitations, when evidence would "place a reasonably prudent person on notice of a potentially actionable injury." Id. (internal citation and quotations omitted). Therefore, in Missouri, the statute of limitations does not begin to run when the injury and damages are subjectively discovered nor when the injury and damages allegedly occurred, but "when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages." Id. at 585.
When relevant facts are uncontested, the statute of limitations issue can be decided by the court as a matter of law. Id. "However, when contradictory or different conclusions may be drawn from the evidence as to whether the statute of limitations has run, it is a question of fact for the jury to decide." Id.
DOI contends, and Crawford concedes, there was dust and discoloration in certain areas of the Property on September 1, 2003, when DOI vacated the premises. However, DOI asserts that the damage was capable of ascertainment without any evidence or accompanying affidavit to support this claim. In contrast, Crawford contradicts this mere assertion with an expert affidavit. According to the expert affiant it is impossible to observe lead particles by plain sight and microscopic testing is required to determine it is not ordinary dust. The expert concluded an ordinary inspection of the building and surrounding grounds would not allow an individual to ascertain the presence of lead pollution. In addition, Crawford's son, who managed the Property, also signed an affidavit claiming he did not observe any lead or lead pollution when he inspected the Property on multiple occasions.
DOI and the lower court rely on Modern Tractor & Supply Co. v. Leo Journagan Const. Co., Inc. , which is distinguishable from the present facts. 863 S.W.2d 949 (Mo.App. S.D. 1993). In that case, inferior dirt was placed on the plaintiff's property, which reduced the property's value. Id. at 951. The parties stipulated that while the offending soil was not noticeable from the road in 1983, it was discoverable by a visual inspection if someone had walked the property prior to the purchase. Id. at 950. However, it was not until 1989, after scientific testing, that plaintiff discovered the suspect dirt was located on the property. Id. The trial court sustained defendant's summary judgment motion asserting the statute of limitations as an affirmative defense. Id. The Southern District agreed with the lower court finding that the "presence of the fill dirt, whatever its composition, was evident in 1983." Therefore, the statute of limitations barred plaintiff's claim. Id. at 954 (emphasis added).
Clearly, that is not the case in this matter. Not only is there no such stipulation but, even though nine years passed between DOI vacating the Property, and Crawford filing suit, the facts clearly create a genuine dispute of material fact whether the presence of lead pollution was capable of ascertainment when either DOI or Harris vacated the Property. The lead was microscopic and a visual inspection would not make the lead pollution's presence evident, as found in Modern Tractor . In fact, the Property was only tested by coincidence, but for the child's unrelated lead exposure, the lead pollution would not *469 have been brought to Crawford's attention. As a result of this dispute as to "when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages" Powel , 197 S.W.3d at 585, summary judgment in DOI's favor was erroneous.[3]
CONCLUSION
There is a genuine dispute of material fact regarding when Crawford's damages were capable of ascertainment. Accordingly, the trial court's grant of DOI's motion for summary judgment was erroneous, and the issue should be determined by the finder of fact. The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.
Gary M. Gaertner, Jr., J. and James M. Dowd, J., concur.

Harris is also a named defendant in Crawford's petition, although not a party to this appeal.

It was ultimately determined that the child's positive test was a result of lead poisoning at home, not from exposure at the Property.

DOI argues this holding necessarily adopts the discovery rule. However, based on the foregoing analysis we explicitly reject DOI's assertion.