

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| FLOWER VALLEY, LLC, | ) | No. ED106089 |
| 12667 NEW VALLEY, LLC, | ) | |
| JOHN C. CROCKER, | ) | |
| NOLOB, LLC, | ) | |
| KEEVEN DEVELOPMENT, LLC, | ) | Appeal from the Circuit Court |
| DUNWOOD DEVELOPMENT CO., | ) | of St. Louis County |
| FRENCH QUARTER, LLC, | ) | 16SL-CC03373 |
| GLIDEPATH, LLC, | ) | |
| | ) | |
| Respondents, | ) | |
| | ) | |
| vs. | ) | Honorable Richard M. Stewart |
| | ) | |
| JAKE ZIMMERMAN, ASSESSOR, | ) | |
| ST. LOUIS COUNTY, MISSOURI, | ) | |
| | ) | |
| Appellant. | ) | Filed:  May 21, 2019 |

Jake Zimmerman, Assessor for St. Louis County, Missouri ("Appellant") appeals the

judgment of the Circuit Court of St. Louis County:  (1) reversing the order of the State Tax

Commission of Missouri ("the Commission" or "the STC"), which found Flower Valley, LLC,

12667 New Valley, LLC, John C. Crocker, Nolob, LLC, Keeven Development, LLC, Dunwood

Development Co., French Quarter, LLC, and Glidepath, LLC (collectively "Respondents") were

not entitled to reimbursement of attorneys' fees and appraisal costs; (2) reinstating a prior order

of the Commission, which found Respondents were entitled to reimbursement of attorneys' fees

and appraisal costs; and (3) stating Respondents were entitled to an additional award of

attorneys' fees and costs incurred in seeking such reimbursement. This Court ordered, sua sponte, the parties to brief a jurisdictional issue, which was taken with the case. Because the trial court's judgment was not final and appealable, we lack jurisdiction over Appellant's appeal and the appeal must be dismissed.

## I.    BACKGROUND

### A.    Relevant Facts and Procedural Posture Relating to Respondents' Underlying Tax Appeals

Each of the Respondents individually own real property located within St. Louis County, Missouri. As part of his duties as the Assessor for St. Louis County, Appellant assigned to each of the Respondents' properties ("the Subject Properties") an assessed value for the 2011-2012 tax years. Respondents then appealed the valuation of their respectively-owned real property to the St. Louis County Board of Equalization ("the BOE"). The BOE did not significantly lower the assessed values of the Subject Properties, and so each Respondent appealed the BOE's decision to the STC.

Due in part to Appellant's refusal to settle any of Respondents' tax appeals, each of the appeals proceeded to a hearing on the merits before the STC. Each Respondent presented an appraisal as well as testimony from a certified appraiser to support their proposed reduction in the value of their property. Appellant did not present any evidence to the STC in any of the Respondents' tax appeals, but instead conceded to the values set forth in Respondents' evidence. The Commission subsequently lowered the value of each of the Subject Properties consistent with the evidence presented by each of the Respondents. In each tax appeal, the assessed value was reduced by a significant percentage so as to trigger a right to reimbursement of attorneys'

fees and appraisal costs pursuant to section 138.434 RSMo 2000[1] and St. Louis County, Mo. Rev. Ordinances section 503.300 (2005).[2]

**B.      Relevant Facts and Procedural Posture Surrounding Respondents' Consolidated Application for Reimbursement of Attorneys' Fees and Appraisal Costs**

On June 29, 2015, Respondents filed their consolidated application for reimbursement of attorneys' fees and appraisal costs ("Application for Reimbursement") before the Commission. The STC then held a hearing on Respondents' Application for Reimbursement on September 9, 2015, in which the following relevant facts were revealed. In pursuing their tax appeals, each Respondent individually contracted with a property tax agent, Property Assessment Review ("PAR"), to provide legal and appraisal services. Under these arrangements, PAR agreed to pay all of the associated attorneys' fees and appraisal costs, and Respondents each agreed to pay PAR a contingency fee in the event of a successful tax appeal. Accordingly, Respondents utilized legal counsel and certified appraisers in the tax appeals, but PAR arranged for such services and directly paid the associated expenses. In return for the services provided by PAR, each Respondent has paid or will pay the contingency fee, which is based upon a percentage of their total tax reduction.

On November 23, 2015, the STC entered its order on Respondents' Application for Reimbursement ("STC Order of Reimbursement"), which ordered Appellant to reimburse each Respondent for amounts representing their just and reasonable attorneys' fees and appraisal costs arising from their successful tax appeals. On December 23, 2015, Appellant filed his petition for judicial review of the STC Order of Reimbursement in the trial court. The trial court then remanded the STC Order of Reimbursement back to the Commission, and the parties submitted

---

[1] All further statutory references to section 138.434 are to RSMo 2000, which is the latest version of the statute.
[2] All further references to St. Louis County, Mo. Rev. Ordinances section 503.300 are to the version effective June 14, 2005, which is the latest version of the ordinance.

additional briefing on certain substantive and procedural issues. On August 16, 2016, the STC issued a second order ("STC Order upon Remand") denying Respondents their attorneys' fees and appraisal costs, finding the fees and costs were paid by PAR and not Respondents.

On September 14, 2016, Respondents filed their petition for judicial review of the STC Order upon Remand in the trial court. In their petition, Respondents pled only one claim stating: "The Commission erred in denying [Respondents] attorney[s'] fees and costs pursuant to [ ] [section] 138.434 and [St. Louis County, Mo. Rev. Ordinances section] 503.300 in that neither the statute nor ordinance require direct payment by a taxpayer of the attorney[s'] fees and costs resulting from an evidentiary hearing." Based on such claim, Respondents requested the trial court to enter an order, *inter alia*, "awarding [Respondents] their just and reasonable appraisal costs and attorney[s'] fees incurred both in their underlying tax appeals and herein[.]"

On October 20, 2017, the trial court entered its judgment, which: (1) reversed the STC Order upon Remand; (2) reinstated the STC Order of Reimbursement; (3) found Respondents were entitled to reimbursement of their just and reasonable attorneys' fees and appraisal costs arising from their successful tax appeals, in the amounts set forth in the STC Order of Reimbursement; and (4) found Respondents were also entitled to an additional award of attorneys' fees and costs incurred in seeking reimbursement of their attorneys' fees and appraisal costs, with the amount to be determined at a later date. Specifically with respect to the additional award of attorneys' fees and costs, the court ordered, "that this matter is set for a case management conference on November 9, 2017, at 9:00 a.m. for purposes of scheduling proceedings to determine [Respondents'] additional attorney[s'] fees incurred in the legal proceedings beginning with their original application for reimbursement and continuing through the present action for judicial review." The trial court subsequently determined there was "no

4

just reason for delay" and certified its October 20, 2017 judgment as final for purposes of appeal pursuant to Missouri Supreme Court Rule 74.01(b) (2017).[3, 4]

Appellant then filed this appeal. This Court, sua sponte, ordered Appellant to show cause why the appeal should not be dismissed for want of jurisdiction based on the lack of a final, appealable judgment. The parties were subsequently ordered to brief the jurisdictional issue, which this Court took with the case. Appellant's appeal was submitted to this Court on February 6, 2019.

## II.     DISCUSSION

Appellant raises two points on appeal. In his first point on appeal, Appellant contends the trial court's judgment was erroneous. In Appellant's second and final point on appeal, he contends the STC Order of Reimbursement was erroneous. Prior to considering the merits of Appellant's appeal, however, we must determine whether the jurisdictional issue taken with the case is dispositive. The jurisdictional question at issue here is whether the trial court entered judgment on a fully adjudicated claim.

Although both parties assert we have jurisdiction over this appeal due to the trial court's Rule 74.01(b) certification, this Court must, sua sponte, determine whether we have jurisdiction. *Gibson v. Brewer*, 952 S.W.2d 239, 244 (Mo. banc 1997); *see also Crawford v. Distributor Operations, Inc.*, 561 S.W.3d 463, 466 (Mo. App. E.D. 2018). Generally, an appeal may only be taken from a final judgment, which is one that disposes of all claims and all parties involved in a case. *Crawford*, 561 S.W.3d at 466. A final and appealable judgment decides all issues in a case, leaving nothing for future adjudication. *Gibson*, 952 S.W.2d at 244. In the absence of a

___

[3] All further references to Rule 74.01(b) are to Missouri Supreme Court Rules (2017), which was the version of the Rule in effect at the time the trial court entered its judgment and certified it as final for purposes of appeal.
[4] The trial court did not explain why it found there was "no just reason for delay" or state any other reasoning to support its decision to certify the partial judgment as final for purposes of appeal.

final and appealable judgment, we lack jurisdiction and the appeal must be dismissed. *Shea v. Gaither*, 389 S.W.3d 725, 728 (Mo. App. E.D. 2013) (citing section 512.020 RSMo Supp. 2011 and *Columbia Mut. Ins. Co. v. Epstein,* 200 S.W.3d 547, 549 (Mo. App. E.D. 2006)).

Under Rule 74.01(b), there is a limited exception to the finality requirement in cases involving multiple claims. *Gibson*, 952 S.W.2d at 244; *Crawford*, 561 S.W.3d at 466. "If more than one claim for relief is presented in an action . . . Rule 74.01(b) permits a trial court to enter judgment on one or more—but fewer than all—of the claims in an action and make that judgment a 'final judgment' by certifying there is no just reason to delay that appeal." *Crawford*, 561 S.W.3d at 466 (citing *First National Bank of Dieterich v. Pointe Royale Property Owners' Association, Inc.*, 515 S.W.3d 219, 221-22 (Mo. banc 2017)) (internal quotations omitted). A trial court's certification under Rule 74.01(b), however, does not end our analysis as to whether the partial judgment was final. *Gibson*, 952 S.W.2d at 244. Instead, we look to the content, substance, and effect of the judgment to determine whether it is final and appealable. *Id*.

A judgment can only be certified as final for appeal under Rule 74.01(b) if it has finally disposed of at least one complete claim. *Shea*, 389 S.W.3d at 729; *Epstein*, 200 S.W.3d at 550; *see also Gibson*, 952 S.W.2d at 244. For our purposes, one claim is defined as "one legal right, regardless of whether multiple remedies are sought." *Shea*, 389 S.W.3d at 729; *see also S & P Properties, Inc. v. Bannister*, 292 S.W.3d 404, 408 (Mo. App. E.D. 2009); *Epstein*, 200 S.W.3d at 550. In other words, "one claim" means the aggregate of material facts giving rise to one legally enforceable right. *Epstein*, 200 S.W.3d at 550.

Accordingly, a judgment that resolves fewer than all legal issues relevant to one claim is not final and appealable despite the trial court's Rule 74.01(b) designation. *Gerken v. Missouri Dept. of Social Services, Family Support Div.*, 415 S.W.3d 734, 739 (Mo. App. W.D. 2013);

6

*Shea*, 389 S.W.3d at 729; *Bannister*, 292 S.W.3d at 408; *Epstein*, 200 S.W.3d at 550.  Similarly, a judgment that does not dispose of all remedies arising from the same legally enforceable right, leaving some open for future determination, is not a final judgment under Rule 74.01(b).  *Shea*, 389 S.W.3d at 729; *see also Gerken*, 415 S.W.3d at 739; *Epstein*, 200 S.W.3d at 550.  "It is 'differing,' 'separate,' 'distinct' transactions or occurrences that permit a separately appealable judgment, not differing legal theories or issues presented for recovery on the same claim."  *First National Bank of Dieterich*, 515 S.W.3d at 222 (quotations and emphasis omitted); *Gibson*, 952 S.W.2d at 244; *Crawford*, 561 S.W.3d at 467 (quotations and emphasis omitted); *Epstein*, 200 S.W.3d at 551 (quotations omitted).  Claims are considered separate and distinct "if they require proof of different facts and the application of distinguishable law[.]"  *Committee for Educational Equality v. State*, 878 S.W.2d 446, 451 (Mo. banc 1994); *Bannister*, 292 S.W.3d at 408.

In this case, Respondents' petition for review included only one claim asserting the Commission erred in denying Respondents' request for reimbursement of attorneys' fees and appraisal costs pursuant to section 138.434 and St. Louis County, Mo. Rev. Ordinances section 503.300.  *See Shea*, 389 S.W.3d at 729 and *Bannister*, 292 S.W.3d at 408 and *Epstein*, 200 S.W.3d at 550 (all providing one claim is one legal right).  Based on such claim, Respondents sought an award of attorneys' fees and appraisal costs, including both attorneys' fees arising from their successful tax appeals as well as attorneys' fees incurred in seeking reimbursement of their attorneys' fees and appraisal costs.  In the judgment being appealed, the trial court rendered a final decision only as to one of Respondents' requested remedies – their attorneys' fees and appraisal costs arising from their successful tax appeals.

The trial court, however, did not fully resolve all issues as to Respondents' second requested remedy, i.e., their request for attorneys' fees incurred in the resulting litigation over

their right to reimbursement. Although the trial court found Respondents were entitled to such fees, the court stated the amount awarded would be determined at a later date; however, this determination did not take place prior to this appeal. As such, additional evidence on the issues of the amount and reasonableness of these fees will be required. "A judgment that requires external proof or another hearing to dispose of disputed issues involved in the litigation is not final for purposes of Rule 74.01(b)." *Shea*, 389 S.W.3d at 730 (quoting *In re Trust of Bornefeld*, 36 S.W.3d 424, 426 (Mo. App. E.D. 2001)); *see also Executive Bd. of Missouri Baptist Convention v. Missouri Baptist Foundation*, 380 S.W.3d 599, 603-05 (Mo. App. W.D. 2012) (finding no final, appealable judgment because the trial court did not fully resolve all legal issues or remedies when it explicitly ordered additional proceedings with respect to two remedies, including additional attorneys' fees with the amount yet to be determined).

The unresolved issue of Respondents' additional award of attorneys' fees is not a separate claim, but instead is factually intertwined with and would not arise independent of their original claims for reimbursement of attorneys' fees and appraisal costs. *See Jones v. Housing Authority of Kansas City, Missouri*, 118 S.W.3d 669, 676 (Mo. App. W.D. 2003) (finding one complete claim had not been fully adjudicated because the issue of attorneys' fees was left unresolved); *Christian County v. Missouri Partners, Inc.*, 306 S.W.3d 687, 691-92 (Mo. App. S.D. 2010) (similarly finding a single claim was not disposed of where the trial court left issues open for future adjudication, including damages that would not have arisen independent of the plaintiff's original claims); *see also Gerken*, 415 S.W.3d at 739 and *Shea*, 389 S.W.3d at 729 and *Epstein*, 200 S.W.3d at 550 (a judgment disposing of fewer than all remedies arising from one claim is not final). Accordingly, there are no "differing," "separate" or "distinct" transactions or occurrences that would permit the trial court's judgment to be considered final and appealable.

8

*See First National Bank of Dieterich*, 515 S.W.3d at 222; *Gibson*, 952 S.W.2d at 244; *Crawford*, 561 S.W.3d at 467; *Epstein*, 200 S.W.3d at 551.

As recently acknowledged by the Western District of this Court, the case law has been seemingly inconsistent as to whether an unresolved request for attorneys' fees prevents a judgment from being considered final and appealable. *See Ferguson v. Curators of Lincoln Univ.*, 498 S.W.3d 481, 494 (Mo. App. W.D. 2016). Though ultimately passing on the issue, the *Ferguson* Court compared cases finding a judgment was not final because the issue of attorneys' fees was left unresolved with cases holding a judgment was final even though it did not decide the issue of attorneys' fees. *See id*. After further review of the cases cited therein, however, we find the greater weight of authority are those cases finding a judgment was not final because the issue of attorneys' fees was left unresolved. *See Rheem Mfg. Co. v. Progressive Wholesale Supply Co.*, 28 S.W.3d 333, 343 (Mo. App. E.D. 2000) and *Hackathorn v. Four Seasons Lakesites, Inc.*, 959 S.W.2d 954, 957-58 (Mo. App. S.D. 1998). Not only are the two preceding cases consistent with the sound principles re-stated in our discussion above, but also the opposing cases have either limited application due to unique circumstances or been called into question by subsequent decisions. *See State ex rel. Hilburn v. Staeden*, 62 S.W.3d 58, 61 n.1 (Mo. banc 2001) (finding a request for attorneys' fees under section 536.087.4 RSMo 2000 does not prevent entry of a final judgment because that statute explicitly provides the request shall not be decided on until after a "final and unreviewable decision" has been rendered); *Boatmen's Trust Co. v. Sugden*, 827 S.W.2d 249, 252 (Mo. App. E.D. 1992) (relying on *International Minerals & Chemical Corp. v. Avon Products, Inc.*, 817 S.W.2d 903, 906 (Mo. banc 1991) for the proposition that "[u]nder Rule 74.01(b), a matter may become final and appealable if it could be the subject of a separate judgment"); *but see Committee for Educational Equality*, 878 S.W.2d

at 452-53 (calling into question *Avon Products, Inc.*) and *ARC Industries, Inc. v. Siegel-Robert, Inc.*, 157 S.W.3d 344, 347 (Mo. App. E.D. 2005) (questioning *Sugden's* analysis based on its reliance on *Avon Products, Inc.*).

Based on the foregoing, we find that the trial court's Rule 74.01(b) certification that its judgment was final for purposes of appeal and there was "no just reason for delay" was improper due to the trial court's failure to finally dispose of at least one complete claim. *See Gibson*, 952 S.W.2d at 244; *Shea*, 389 S.W.3d at 729; *Epstein*, 200 S.W.3d at 550. In the absence of a final and appealable judgment, we lack jurisdiction over Appellant's appeal and the appeal must be dismissed. *See Shea*, 389 S.W.3d at 728 (citing section 512.020 RSMo Supp. 2011 and *Epstein*, 200 S.W.3d at 549).

### III.    CONCLUSION

The appeal is dismissed.

_____
ROBERT M. CLAYTON III, Judge

Roy L. Richter, P.J., and
Angela T. Quigless, J., concur.