

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| JEFFERSON CITY MEDICAL GROUP, P.C., | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | WD85467 |
| | ) | |
| DAVID BRUMMETT, | ) | Filed: April 18, 2023 |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Cole County**
**The Honorable Daniel R. Green, Judge**

**Before Division Two: Alok Ahuja, P.J., and**
**Anthony Rex Gabbert and Thomas N. Chapman, JJ.**

Dr. David Brummett appeals from a judgment of the Circuit Court of Cole County, which enforced a covenant not to compete contained in Dr. Brummett's employment agreement with the Jefferson City Medical Group. Consistent with the non-compete clause, the circuit court enjoined Dr. Brummett from practicing radiology in a twenty-five mile radius around Jefferson City for two years.

Because the circuit court's judgment did not resolve the Medical Group's claim for attorney's fees, the judgment was not final, and we accordingly dismiss Dr. Brummett's appeal.

## Factual Background

On January 19, 2022, Jefferson City Medical Group filed an Application for Temporary Restraining Order and Petition for Preliminary and Permanent Injunction against Dr. Brummett in the Circuit Court of Cole County. Dr. Brummett had been employed as a radiologist with the Medical Group beginning in 2015. Dr. Brummett resigned from the Medical Group on January 7, 2022, and began employment as a radiologist with a competing medical practice.

The Medical Group alleged that Dr. Brummett's new employment violated a covenant not to compete contained in his Physician Agreement with the Group. The non-compete clause provided that, for two years following the termination of his Physician Agreement, Dr. Brummett would not practice radiology or otherwise compete with the Medical Group within twenty-five miles of the city limits of Jefferson City (excluding Columbia). The Medical Group prayed that the circuit court issue a temporary restraining order, and preliminary and permanent injunctive relief, barring Dr. Brummett from practicing in violation of his covenant not to compete. The Medical Group's petition quoted the provision of the Physician Agreement specifying remedies for a breach of the non-compete clause: the Agreement specified that, in the event of a breach, the Medical Group would be entitled to injunctive relief, as well as "damages, attorneys' fees, costs, and expenses." The petition accordingly prayed for damages, attorney's fees, and other costs in addition to injunctive relief.

Dr. Brummett's Answer alleged that, following termination of the Medical Group's contract to provide radiology services to SSM Health St. Mary's Hospital in Jefferson City, the Medical Group had not provided Dr. Brummett with full-time work. Dr. Brummett contended that this constituted a material breach of

his Physician Agreement, which relieved him of his obligations under the covenant not to compete.

The circuit court issued a temporary restraining order against Dr. Brummett on February 1, 2022.

Dr. Brummett filed an Amended Answer, in which he alleged that the members of the Medical Group "promoted an unprofessional environment and violated important policies and regulations, thus endangering the reputations and ability to practice of anyone associated with the group" by making inappropriate racist and xenophobic comments; violating patient privacy; and accusing Dr. Brummett of disloyalty when he sought to supplement his income through outside employment. Dr. Brummett also alleged that the Medical Group materially breached the Physician Agreement by not paying him certain sums to which he was contractually entitled.

The circuit court conducted a bench trial over five days in March 2022. In its judgment entered on May 19, 2022, the circuit court held that the covenant not to compete was enforceable, that the Medical Group had not forfeited its right to enforce the covenant by materially breaching the Physician Agreement, and that Dr. Brummett's employment with the competing medical practice violated the non-compete clause. The circuit court issued an injunction enforcing the covenant not to compete for a two-year period from July 29, 2022 to July 29, 2024. The judgment also ordered that

> Defendant Brummett shall pay Plaintiff JCMG's reasonable attorney's fees incurred in the enforcement of Dr. Brummett's restrictive covenants contained in his employment agreement with Plaintiff JCMG in such amount as determined by the court, as well as Plaintiff JCMG's court costs.

3

Despite finding Dr. Brummett *liable* for the Medical Group's attorney's fees, the judgment did not actually determine the *amount* of Dr. Brummett's liability for fees and costs.

The Medical Group filed a Motion for Attorneys' Fees with the circuit court on June 8, 2022, supported by billing statements, affidavits of counsel, and other documentation. The motion sought a total of $448,206.25 in attorney's fees, and an additional $8,882.58 in taxable costs.

On June 13, 2022, Dr. Brummett filed a motion to stay further proceedings on the Medical Group's attorney's fee motion. The motion to stay stated that Dr. Brummett intended to appeal the circuit court's underlying judgment. The motion noted that "[t]he outcome of that appeal could affect any right to fees, costs, and interests [*sic*], as well as the amount of any such fees." The motion therefore argued that further proceedings on the Medical Group's attorney's fee motion should be stayed pending resolution of Dr. Brummett's appeal, "in the interest of efficiency and judicial economy." The motion stated that the Medical Group did not oppose the stay Dr. Brummett was seeking.

On June 15, the circuit court granted Dr. Brummett's motion and stayed proceedings on the Medical Group's attorney's fee motion.

On June 20, 2022, Dr. Brummett filed his notice of appeal of the underlying judgment. This Court's Staff Counsel sent a letter to the parties on August 5, 2022, noting that the judgment may not be final because of the unresolved attorney's fee motion, and requesting suggestions from the parties as to why the appeal should not be dismissed. Both parties submitted suggestions indicating their belief that the judgment was final and appealable.

Dr. Brummett's opening Brief argued summarily that, if this Court found the non-compete clause to be unenforceable, the Medical Group would no longer be entitled to attorney's fees, but that it should instead be ordered to "pay Dr. Brummett's attorneys' fees as the prevailing party." In response, the Medical Group asked the Court to order a limited remand to the circuit court to permit it to resolve the attorney's fee motion. The Medical Group contended that, "[s]ince Appellant's brief specifically contests all portions of the judgment, including the merits of any award or denial of attorney fees . . ., this Court will likely dismiss the appeal due to nonfinality of judgment." This Court denied the Medical Group's motion for a limited remand on November 1, 2022. At oral argument, and despite its earlier request for a limited remand, the Medical Group once again asserted that this Court has appellate jurisdiction, and should decide the appeal on the merits.

**Discussion**

Prior to addressing the substance of Dr. Brummett's appeal, this Court must first determine whether we have jurisdiction. "[T]he finality of a judgment is a prerequisite to our jurisdiction. If we have any doubt about the trial court's authority to certify a judgment as final, we must address it *sua sponte*." *Team, Inc. v. Schlette*, 814 S.W.2d 12, 13 (Mo. App. E.D. 1991). Although the parties have both contended that we have jurisdiction over Dr. Brummett's appeal, "[w]e must address this [issue] as a threshold matter because 'appellate jurisdiction cannot be conferred by waiver, acquiescence, or even express consent.'" *C.G. Sewing v. Scottish Rite of Kansas City*, 582 S.W.3d 138, 139 (Mo. App. W.D. 2019) (citation omitted). "While the parties' desire to resolve the important

5

issues raised in this appeal in an expeditious manner is certainly understandable and is shared by this Court, appellate jurisdiction cannot be conferred by agreement of the parties." *Glasgow Sch. Dist. v. Howard Cnty. Coroner*, 572 S.W.3d 543, 546 n.8 (Mo. App. W.D. 2019) (citation omitted).

The parties assert that we have appellate jurisdiction pursuant to § 512.020, RSMo, which provides in relevant part:

> Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction from any:
>
> . . . .
>
> (5) Final judgment in the case . . . .

"Finality" of a judgment under § 512.020(5) may be established in one of two ways: "either because [the judgment] disposes of all claims (or the last claim) in a lawsuit, or because it has been certified for immediate appeal pursuant to Rule 74.01(b)." *Wilson v. City of St. Louis*, 600 S.W.3d 763, 771 (Mo. 2020). The purpose of the finality requirement is "to avoid redundant review of multiple appeals based on the same underlying facts and similar legal issues." *Comm. for Educ. Equality v. State*, 878 S.W.2d 446, 451 (Mo. 1994) (citation omitted).

The circuit court did not purport to certify its May 19, 2022 judgment as a partial final judgment under Rule 74.01(b). Therefore, this Court must decide if the judgment "disposes of all claims" in the lawsuit. Under well-established caselaw, it plainly does not.

Missouri courts have long held that "'[a]n unresolved claim for attorney's fees can arrest the finality of a judgment[.]' . . . If a request for attorney's fees is

6

properly pleaded and pursued at or after trial, the trial court must resolve or dispose of the issue before a judgment can be deemed final." *Cupit v. Dry Basement, Inc.*, 592 S.W.3d 417, 422 (Mo. App. W.D. 2020) (quoting *Ruby v. Troupe*, 580 S.W.3d 112, 114 (Mo. App. W.D. 2019); other citations omitted); *see also*, *e.g.*, *Schmidt v. Dart Bein, LC*, 644 S.W.3d 579, 582 (Mo. App. W.D. 2022); *Flower Valley, LLC v. Zimmerman*, 575 S.W.3d 497, 502 (Mo. App. E.D. 2019); *State ex rel. Kinder v. Dandurand*, 261 S.W.3d 667, 671 (Mo. App. W.D. 2008); *L.R. Oth, Inc. v. Albritton*, 90 S.W.3d 242, 243 (Mo. App. S.D. 2002).

The principle that a judgment is not final where a request for attorney's fees is unresolved has been repeatedly applied in the precise circumstances existing here: where a contract authorizes an award of fees incurred in enforcing the agreement, to the party who prevails in the contract litigation. *See*, *e.g.*, *Schmidt*, 644 S.W.3d at 582; *Fid. Real Est. Co. v. Norman*, 586 S.W.3d 873, 879 (Mo. App. W.D. 2019); *Rheem Mfg. Co. v. Progressive Wholesale Supply Co.*, 28 S.W.3d 333, 343 (Mo. App. E.D. 2000).

The Medical Group's petition quoted the contractual provision authorizing an award of fees, and prayed for an award of its attorney's fees. The circuit court's judgment recognized that the Medical Group was entitled to an award of fees. But the court did not finally resolve the issue. Although its judgment held that Dr. Brummett was *liable* for attorney's fees, the judgment did not determine *the amount* of his liability. "[A] judgment that disposes of only one of several remedies and leaves other remedies relating to the same legal rights open for future adjudication is not a final judgment." *Comm. for Educ. Equality*, 878 S.W.2d at 450. "'[A] judgment that requires external proof or another hearing to

7

dispose of disputed issues involved in the litigation is not final for purposes of Rule 74.01(b).'" *Shea v. Gaither*, 389 S.W.3d 725, 730 (Mo. App. E.D. 2013) (citation omitted).

As a general proposition, a judgment which determines that a defendant is *liable* for damages, but not *the amount* of that liability, is not final or appealable until the amount of damages is finally determined. *See*, *e.g.*, *Sykora v. Farmers Ins. Co.*, 642 S.W.3d 381, 384-85 (Mo. App. W.D. 2022) (citing *Stotts v. Progressive Classic Ins. Co.*, 118 S.W.3d 655, 660-61 (Mo. App. W.D. 2003)); *ABB, Inc. v. Securitas Sec. Servs. USA, Inc.*, 390 S.W.3d 196, 203 (Mo. App. W.D. 2012). This principle applies to a judgment – like the underlying judgment here – which finds a party liable for attorney's fees, but does not make a fee award of a specific sum. *See Flower Valley*, 575 S.W.3d at 501 (circuit court's judgment was not final where it "found Respondents were . . . entitled to an additional award of attorneys' fees and costs . . ., with the amount to be determined at a later date"); *Cooling v. State Dep't of Social Servs.*, 446 S.W.3d 283, 385-86 (Mo. App. E.D. 2014) ("The circuit court's judgment is not a final judgment. The circuit court determined that father was entitled to attorney's fees, but in the end did not award those fees."); *ACU Credit Union v. Est. of Melman*, 788 S.W.2d 803, 804 (Mo. App. E.D. 1990) (judgment not final where it "declar[ed] that Collector was liable to ACU for reasonable attorney's fees," but "[t]he trial court did not, however, enter a definite monetary amount of attorney's fees to be paid"). Because it did not full resolve Dr. Brummett's liability for attorney's fees, the circuit court's judgment in this case was not final or appealable.

Dr. Brummett makes a series of arguments to avoid this result; we find none of his arguments persuasive. First, Dr. Brummett cites caselaw addressing whether a post-judgment attorney's fee motion constitutes an "authorized after-trial motion" which suspends the finality of the judgment under Rule 75.01, and which is deemed denied if not granted within ninety days under Rule 78.06. As this Court recognized in *Cupit*, 592 S.W.3d 417, however, the determination of whether a post-judgment motion is an "authorized after-trial motion" is distinct from the question whether the judgment itself is final and appealable.

> A timely filed authorized after-trial motion extends a trial court's jurisdiction for up to ninety days after the filing of the motion. . . . At the expiration of the ninety-day period, the trial court is divested of jurisdiction and loses its authority over the judgment.
>
> Where a judgment in question is not final, however, Rule 75.01 does not apply, and the trial court retains jurisdiction to enter a final judgment. Likewise, the time limit of Rule 78.06 does not apply when the judgment in question is not final. In other words, unless an appeal lies from a decree or order when it is entered, the decree or order is not a "judgment" as defined in Rule 74.01(a), and is not a "judgment" as to which Rules 75.01 and [78.06] apply.

*Id.* at 424; *accord*, *Schmidt*, 644 S.W.3d at 582 n.5.

Dr. Brummett cites *Heifetz v. Apex Clayton, Inc.*, 554 S.W.3d 389 (Mo. 2018). In *Heifetz*, the Missouri Supreme Court held that an attorney's fee motion was an "authorized after-trial motion" which stayed the time to appeal the judgment entered in that case; the Court held that a notice of appeal filed after the ruling on the attorney's fee motion was accordingly timely. *Id.* at 393-94. By invoking Rules 75.01 and 78.06, which suspend the finality of a judgment pending the disposition of post-judgment motions, the Supreme Court's analysis *presumed* that the underlying judgment would have become final but for the filing of the attorney's fee motion. The Supreme Court's opinion does not

9

actually address the finality of the underlying judgment, however. Thus, the opinion does not state whether, or how, the original judgment dealt with the attorney's fee issue. Moreover, the Court's opinion does not cite the caselaw holding that a civil judgment is generally not considered final or appealable if a claim for attorney's fees is unresolved.

The appellate court decisions cited by *Heifetz*, which likewise treated post-judgment attorney's fee motions as "authorized after-trial motions," similarly do not explicitly address the finality, or appealability, of the underlying judgments entered in those cases. *See Ferguson v. Curators of Lincoln Univ.*, 498 S.W.3d 481, 495 (Mo. App. W.D. 2016); *Brady v. Curators of Univ. of Mo.*, 213 S.W.3d 101, 114-15 (Mo. App. E.D. 2006); *H.S. v. Bd. of Regents, Se. Mo. State Univ.*, 967 S.W.2d 665, 674 (Mo. App. E.D. 1998); *Lavigne v. Banks*, 775 S.W.2d 347, 349 (Mo. App. E.D. 1989).

Moreover, by treating an attorney's fee motion as an "authorized after-trial motion," *Heifetz* reached the same result it would have reached if the Court had held that the original judgment was not final due to an unresolved attorney's fee issue: in both cases, the judgment only became final, and appealable, after the attorney's fee issue was resolved. *See Ferguson*, 498 S.W.3d at 494 & n.7 (recognizing that the outcome would be the same, whether the Court treated an attorney's fee motion as an "authorized after-trial motion," or instead held that the original judgment was not final because of the undecided attorney's fee issue). We do not believe *Heifetz* is inconsistent with the Court of Appeals cases holding that an unresolved attorney's fee issue generally prevents a civil judgment from being considered "final."

Dr. Brummett also relies on *Burton v. Klaus*, 455 S.W.3d 9 (Mo. App. E.D. 2014).  In *Burton*, the Court of Appeals ruled prior to submission of the case that an attorney's fee motion filed in the circuit court was *not* an "authorized after-trial motion"; that the underlying judgment therefore became final despite the filing of an attorney's fee motion; and that a notice of appeal filed after the attorney's fee motion was decided was untimely to appeal the underlying judgment.  Although the Court's opinion in *Burton* states that "[w]e see no reason to digress from this Court's earlier[, pre-submission] ruling and Order," *id*. at 12, the Court's opinion actually addresses a different issue.  By the time the *Burton* appeal was submitted to a merits panel, the appellant had chosen to brief and argue issues related solely to the later attorney's fee award.  *Burton* held that the appellant's notice of appeal was ineffective to appeal the attorney's fee ruling, however, because the notice of appeal referred only to the underlying judgment, not the later judgment awarding attorney's fees.  *Id*. at 12-13.  The Court accordingly dismissed the appeal, because the notice of appeal failed to designate the judgment which the appellant was actually challenging.  Because it dismissed the appeal on a separate basis which has no relevance here, we do not consider *Burton* relevant to the finality issue we address – particularly since *Burton* does not cite the caselaw holding that an unresolved attorney's fee motion generally prevents a judgment from achieving "finality."

Dr. Brummett also relies on *Boatmen's Trust Co. v. Sugden*, 827 S.W.2d 249, 251 (Mo. App. E.D. 1992).  In *Boatmen's*, the Eastern District entertained an appeal of an "interlocutory judgment" in a probate matter involving the compensation to which the trustee of a trust was entitled, even though issues of

11

attorney's fees (and certain other claims) remained pending in the probate division. *Boatmen's* is distinguishable for at least two reasons. First, *Boatmen's* apparently did not involve an appeal of a final civil judgment under § 512.020(5), RSMo, but instead an appeal of a probate proceeding brought under § 472.160, RSMo, which authorizes interlocutory appeals in certain circumstances. Second, the circuit court in *Boatmen's* had certified its judgment as a partial final judgment under Rule 74.01(b), which did not occur in this case. (We note that other court have found the construction of Rule 74.01(b) in *Boatmen's* to be of questionable validity. *See Flower Valley*, 575 S.W.3d at 504; *ARC Indus., Inc. v. Siegel-Robert, Inc.*, 157 S.W.3d 344, 347 (Mo. App. E.D. 2005).)

Dr. Brummett also cites to decisions of the Supreme Court of the United States, which have adopted "a 'uniform rule that an unresolved issue of attorney's fees for the litigation in question does not prevent judgment on the merits from being final.'" *Ray Haluch Gravel Co. v. Central Pension Fund*, 571 U.S. 177, 184 (2014) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 202 (1988)). In *Ray Haluch Gravel*, the Court applied this principle where – as in this case – a contractual provision required the award to the prevailing party of attorney's fees incurred to litigate the underlying contract action. 571 U.S. at 184-89.

It may be that, in the federal courts, appellate jurisdiction would exist for an appeal like this one. To the extent cases like *Ray Haluch Gravel* and *Budinich* authorize an immediate appeal in this situation, however, they are plainly contrary to a large body of Missouri caselaw which we are bound to follow. The fact that the federal courts interpret appellate jurisdiction differently is no justification for ignoring well-established Missouri law – appellate jurisdiction in

12

the federal courts differs from appellate jurisdiction in Missouri's courts in multiple significant respects. *See*, *e.g.*, 28 U.S.C. § 1292(a)(1) (authorizing appeal of "[i]nterlocutory orders . . . granting, continuing, modifying, refusing or dissolving injunctions"); 28 U.S.C. § 1292(b) (authorizing interlocutory appeal where a district judge certifies that an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation"); *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100 (2009) (discussing the "collateral order" doctrine).

We recognize that attorney's fee motions may be treated differently in the future under Rule 74.16, which became effective on July 1, 2022. Rule 74.16(a) states that "[a] claim for attorney fees . . . must be made by motion filed under this Rule 74.16, unless the substantive law requires those fees to be proved at trial as an element of damages." Rule 74.16(b)(3) then specifies that "a motion filed under this Rule 74.16 is an independent action and not an authorized after-trial motion[.]" We need not decide what effect Rule 74.16(b)(3) may have on questions of appellate jurisdiction in future cases, because the Rule is not applicable here. Rule 74.16(b)(3) states that it applies only to "motion[s] filed *under this Rule 74.16*." (Emphasis added.) The Medical Group's attorney's fee motion was not filed "under . . . Rule 74.16," however, for the simple reason that the Rule was not in effect at the time the Medical Group's motion was filed. Indeed, the new rule was not in effect (1) when the circuit court's judgment was entered; (2) when the Medical Group's attorney's fee motion was filed; or

13

(3) when Dr. Brummett filed his notice of appeal. Rule 74.16 has no application here.

Because the May 19, 2022 judgment reserved decision on the amount of the Medical Group's recoverable attorneys' fees, it is not a final and appealable judgment. We lack appellate jurisdiction, and Dr. Brummett's appeal must be dismissed.

Both parties filed motions for attorney's fees on appeal. The motions were taken with the case. We have determined that we lack jurisdiction over this appeal due to the lack of a final judgment. "Because the . . . appeal . . . [is] dismissed due to the lack of a final judgment, the parties' motions for attorney fees on appeal are denied without prejudice." *Schmidt*, 644 S.W.3d at 582.

## Conclusion

The appeal is dismissed, and the parties' respective motions for attorney's fees on appeal are denied without prejudice.

_____
Alok Ahuja, Judge

All concur.

14